**Freddie J. MITCHELL,
Plaintiff-Appellant,**

v.

**Johnny INMAN, et al.,
Defendants-Appellees.**

**No. 80–7861.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 9, 1982.

---

Freddie J. Mitchell, pro se.

Paul L. Hanes, Atlanta, Ga. (Court-appointed), for plaintiff-appellant.

Webb, Young, Daniel & Murphy, P.C., Harold T. Daniel, Jr., Peter A. Schuller, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and WOOD *, Circuit Judges.

PER CURIAM:

Plaintiff Freddie J. Mitchell filed a *pro se* civil rights complaint against defendants alleging his job probationary period was extended six months beyond what it should have been in retaliation for his appealing a dismissal of a civil rights suit previously brought against various employees of Fulton County, Georgia. Finding the complaint failed to state a claim upon which relief could be granted and that plaintiff had failed to file a timely response to defendants' motion to dismiss in violation of Local Rule 91.2 for the Northern District of Georgia, the district court dismissed the case. We vacate and remand.

While the facts are confused and largely undeveloped, the following emerges from the record, oral argument, and the parties' post-argument submissions. Prior to commencement of this action in federal court,

* Honorable Harlington Wood, Jr., U. S. Circuit Judge for the Seventh Circuit, sitting by desig-

plaintiff filed a charge of employment discrimination with the EEOC against the Fulton County Personnel Board, alleging the same retaliatory extension of his probationary period that is the subject matter of the instant litigation. Approximately one month after the federal court complaint was filed, the EEOC issued a determination of no reasonable cause to believe the truth of the retaliation charge. Roughly one and one-half years later, the Department of Justice issued a notice of right to sue letter.

While the plaintiff's *pro se* civil rights complaint specifically cites 42 U.S.C.A. §§ 1983, 1985 and 1986, read liberally, it invokes Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000e *et seq.*, as well. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Oral argument proceeded on that basis.

It is impossible to discern from the conclusory dismissal order whether plaintiff's Title VII claim was even considered by the district court. Without passing on the propriety of Local Rule 91.2 *per se*, we note generally that it should not serve as a basis for dismissing a *pro se* civil rights complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Moreover, although defendants represented at oral argument that because plaintiff never received a notice of right to sue his Title VII claim should be dismissed for failure to exhaust administrative remedies, it now appears that in fact a right to sue letter was issued.

The state of the record in this case is such that meaningful review of the district court's order of dismissal is not possible. Accordingly, we vacate the court's order and remand for reconsideration. The attorney appointed to argue the appeal and the able attorneys for the defendants should be able to quickly put this case in such a posture that the district court can give meaningful consideration to the plaintiff's claims. If, as it appears may be the case, plaintiff has filed other actions raising the

nation.

888

same or similar claims, the district court should review them for possible consolidation under Fed.R.Civ.P. 42. We express no opinion one way or the other on the merits of this cause.

VACATED AND REMANDED WITH DIRECTIONS.