Samuel P. MOORE, # 050547, Petitioner,

v.

STATE OF FLORIDA and Agents Ray Henderson, Lauriston F. Hustus, Jr. and R.D. Hester, Respondents.

No. 81–5589.

United States Court of Appeals, Eleventh Circuit.

April 21, 1983.

Mark E. Grantham, Tampa, Fla., for petitioner.

Bruce Barkett, Leonard George, Jr., Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondents.

Before KRAVITCH, HENDERSON and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel P. Moore, a Florida prisoner, filed this civil rights action, pro se, alleging that he had been forced by prison authorities to shave his beard in violation of his First Amendment right to the free exercise of religion, and in violation of the Eighth Amendment prohibition of cruel and un-

usual punishment. He appeals from the trial court's grant of a summary judgment in favor of the defendants.[1] After careful consideration, we reverse.

## I. FACTS

During his confinement at Union Correctional Institution and Zephyrhills Correctional Institution ("Zephyrhills"), Moore apparently suffered from a skin condition which was aggravated by shaving. From time to time he was issued a doctor's pass excusing him from shaving.[2] According to Moore, however, officials at Zephyrhills forced him to be cleanshaven in violation of the terms of the pass.[3] On February 26, 1980, Moore filed this § 1983 action pro se seeking injunctive and compensatory relief for the alleged violations of his constitutional rights. In his "Affidavit and Memorandum of Law in Support of Motion for Restraining Order," which accompanied his complaint, Moore specified that he was invoking the Eighth Amendment's prohibition of cruel and unusual punishment. Record at 10. Although the trial court granted Moore leave to proceed in forma pauperis, it denied his motion for a temporary restraining order.

Soon after the denial of his motion, Moore filed a document styled "Motion to Reconsider Order or in the Alternative, Motion for Leave to Take an Interlocutory Appeal In Forma Pauperis." In this motion, he raised as a second ground for relief his First Amendment right to the free exercise of religion; as a Sunni Moslem plaintiff claimed the right to grow a beard as required by his religion.[4] At the time that

---

1. Appointed counsel ably handled Moore's appeal.

2. One such pass is contained in the record and states:

    Shaving pass X three months. Shave as close to face as poss. [with] scissors or clippers—if abused should not be reissued.
    Record at 9.

3. Plaintiff states that he had been threatened with segregation unless he got a "clean shave." Record at 6. According to the defendants, he

was only ordered to *clip* his beard as closely as possible, in accordance with the medical pass.

4. This motion states:

    On the other hand, when plaintiff has explained to correctional officials that shaving violation [sic] his First Amendment right to free exercise of religious beliefs. Whereas, sunni moslems have a constitutional right to grow beards of religious freedom and that no governmental interest sufficient to overcome this hadn't [sic] been shown.

this motion was filed, the defendants had not yet filed a responsive pleading or a motion of any kind. The record indicates that Moore's motion was never passed upon by the district court.

In November of 1980, approximately eight months after Moore filed his motion to reconsider, the defendants filed their motion for summary judgment. According to an affidavit accompanying this motion, the medical pass issued to Moore did not allow him to grow a beard, but rather allowed him to use either clippers or shaving powder in lieu of a razor. At the time of the events in question, Moore had a one-inch growth of beard, in violation of the prison's Policy and Procedure Directive 4.07.04. Record at 30–31.[5] Subsequently, Moore filed his "Motion for Default Judgment or Alternatively Motion for Summary Judgment," in which he renewed and extensively elaborated upon his exercise of religion claim. On December 8, the defendants filed their answer, which addressed only Moore's cruel and unusual punishment claim.[6] Accompanying the answer was a motion requesting the court to strike Moore's allegations based upon religion, since they had not been raised in either the original complaint or a properly amended complaint.[7]

On February 5, 1981, the trial court granted the defendants' motion for summary judgment. In doing so, the court relied on Moore's failure to respond by affidavit to the defendants' motion for summary judgment. Accordingly, the court ruled that as to the cruel and unusual punishment claim the defendants had not required Moore to shave his beard, but had only instructed him to trim it with clippers. Further, the court did not pass upon the merits of Moore's First Amendment claim, apparently because he had not properly amended his original complaint.[8]

On this appeal, Moore makes the following contentions: (1) that he was denied adequate notice under Rule 56(c) that the defendants' motion for summary judgment would be heard by the district court on or after a certain date; (2) that he was not notified of the need to present supporting affidavits; (3) that the district court's finding that the defendants had not forced Moore to shave his beard was clearly erroneous;[9] (4) that the district court erred in refusing to consider the First Amendment claim; and (5) that if the trial court's summary judgment order is interpreted as having addressed the First Amendment claim, nonetheless it was reversible error to grant

Record at 17. There was absolutely no reference to a First Amendment claim in Moore's original complaint.

5. According to Rule 4.07.04:

Male inmates will be allowed to select their hairstyles within the following guidelines: hair, including sideburns, will be clean and combed, cut short to medium length and neatly trimmed at all times with no part of the ear or collar covered. Sideburns shall not extend beyond the bottom of the earlobes and will have straight lines with no flare at the base. The face will be cleanshaven. Each institution is encouraged to provide photographs or drawings of acceptable hairstyles.

Record at 31 (Exhibit B).

6. The answer admitted that plaintiff had been issued a medical pass excusing him from using a "razor." It denied, however, that the plaintiff "was asked or ordered to use a razor." Record at 43.

7. According to the defendants, the plaintiff's religion allegation could properly be brought

before the trial court "only in a new complaint which complies with Rule 4.01" of the Rules of the United States District Court for the Middle District of Florida. Record at 46.

8. The trial court's order states in part:

The plaintiff does not dispute the factual circumstances recited by the defendants in support of their motion. Instead, he seeks to alter the thrust of his original claim by alleging a First Amendment right to grow a beard. Under these circumstances, the defendants' motion for summary judgment is due to be granted. *Brooks v. Wainwright*, 428 F.2d 652 (5th Cir.1970). *See also Hill v. Estelle*, 537 F.2d 214 (5th Cir.1976).

Record at 49.

9. Appellant has misstated, somewhat, the nature of this issue. When reviewing a summary judgment we are not concerned with the accuracy of fact finding, but only with whether or not a genuine issue of material fact has been raised.

summary judgment against Moore. Finding merit in the first and fourth contentions, we must reverse, but we need not address appellant's other contentions.

## II. RULE 56 NOTICE AND HEARING

Rule 56(c) of the Federal Rules of Civil Procedure states in part:

> The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The rule thus mandates a hearing on the summary judgment motion, and at least 10 days notice of that hearing. Further, Rule 56(e) provides that when the motion is supported by affidavits and other evidentiary materials, the adverse party "may not rest upon the mere allegations or denials of his pleading," but must respond with affidavits or materials of his own. As stated earlier, the defendants filed their motion accompanied by affidavit. Although Moore filed his own motion for summary judgment, he did not respond to defendants' motion with the appropriate counter-affidavits. Moore argues that summary judgment should not have been granted because he had not been given the required notice and a hearing.

■ It is now well established that Rule 56 does not necessarily contemplate an oral hearing. Rather, 10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day satisfies the notice and hearing dictates of Rule 56. *See Barker v. Norman,* 651 F.2d 1107, 1119 (5th Cir.1981); *Capital Films Corp. v. Charles Fries Productions,* 628 F.2d 387, 391–92 (5th Cir.1980); *Kibort v. Hampton,* 538 F.2d 90, 91 (5th Cir.1976).[10] If the adverse party is given the 10-day notice and afforded an opportunity to submit materials in opposition to the motion, then the party "has been heard within the meaning of Rule 56." *Kibort v. Hampton,* 538 F.2d at 91.

Generally, "the 10-day notice requirement of Rule 56(c) is strictly enforced." *Herron v. Beck,* 693 F.2d 125, 126 (11th Cir.1982). However, a recent panel of the former Fifth Circuit adopted what might be referred to as a "constructive notice" theory of Rule 56. In *Howell v. Tanner,* 650 F.2d 610 (5th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 1777, 72 L.Ed.2d 178 (1982), the appellant attacked the granting of a summary judgment against him on the ground that he had not been notified of the date upon which a decision on the motion would be forthcoming. The court affirmed the judgment, however, on the basis of a local rule "which defined a 10-day period within which all materials must be filed in order to receive consideration from the court." *Id.* at 614.[11] *See also Kibort v. Hampton,* 538 F.2d at 91 n. 1 (local rules requiring submission of opposing materials within 10 days would provide adequate hearing within meaning of Rule 56) (dicta). In this case, the defendants point out that Local Rule 3.01 of the United States District Court for the Middle District of Florida is analogous to the local notice rule at issue in *Howell.*[12]

---

**10.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**11.** This local rule provided that:
(1) a respondent to a motion for summary judgment must submit all responses, briefs or affidavits within 10 days of service of the motion; and (2) all motions are decided without hearing unless otherwise ordered by the court on its own motion or at the request of counsel.
650 F.2d at 614. The court held that the litigant's Rule 56 interests were adequately protected by this local rule.

**12.** Rule 3.01 states:

Local Rule 3.01 also requires opposition to a summary judgment motion within 10 days after service of the motion.

■ Thus, defendants argue, relying upon *Howell,* that the local rule was sufficient to put Moore on notice that the motion for summary judgment would be taken under advisement within 10 days. We disagree, finding the *Howell* case distinguishable because it did not involve a pro se litigant. Pro se prison inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel. *See Herron v. Beck,* 693 F.2d at 127; *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir. 1982); *Barker v. Norman,* 651 F.2d 1107, 1128–29 & n. 26 (5th Cir.1981).

In *Mitchell v. Inman,* 682 F.2d 886 (11th Cir.1982), this court referred to a local rule requiring a timely response to a motion to dismiss, and held "that it should not serve as a basis for dismissing a pro se civil rights complaint where, as here, there is nothing to indicate plaintiff was ever made aware of it prior to dismissal." *Id.* at 887. Finding no reason to distinguish between a local rule requiring a timely response to a motion to dismiss and a local rule requiring timely opposition to a motion for a summary judgment, we conclude that our recent *Mitchell v. Inman* decision is controlling. We hold that the instant local rule does not constitute constructive notice to Moore, a pro se prison inmate, that the motion for summary judgment would be taken under advisement within 10 days.

Our conclusion is supported by the well established rule in this circuit that the 10-day notice requirement of Rule 56(c) is strictly enforced for all litigants, and also by the rule that "a court should be particularly careful to ensure proper notice to a pro se litigant." *Herron v. Beck,* 693 F.2d at 127. *See also Barker v. Norman,* 651 F.2d 1107, 1129 (5th Cir.1981) (holding that the district court abused its discretion, under the particular circumstances in that case, in failing to afford a pro se civil rights litigant a meaningful opportunity to remedy the defects in his summary judgment materials).

Our conclusion is also consistent with cases from other circuits. *In Hudson v. Hardy,* 412 F.2d 1091 (D.C.Cir.1968), the court held:

> Before entering summary judgment against [a pro se litigant] the district court, as a bare minimum, should [provide] him with fair notice of the requirements of the summary judgment rule. We stress the need for a form of notice sufficiently understandable to one in [the pro se litigant's] circumstances fairly to apprise him of what is required.[13]

*Id.* at 1094; *accord Ham v. Smith,* 653 F.2d 628, 629, 630 (D.C.Cir.1981). In *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir.1979), the Fourth Circuit held that:

> legal memorandum; provided, however, the Court may allow oral argument upon the written request of any interested party or upon the Court's own motion. Requests for oral argument shall accompany the motion or the opposing brief or legal memorandum, and shall estimate the time required for argument. All hearings on motions shall be noticed by the Clerk, as directed by the judge assigned to the case, either on regular motion days if practicable (pursuant to Rule 78, F.R.Civ.P.), or at such other times as the Court shall direct.

Brief for Appellees, at 15–16; Brief for Appellant, at 19.

**Rule 3.01. Motions; Briefs and Hearings**

(a) In making any written motion or other application to the Court for the entry of an order of any kind, in civil and criminal cases (other than those made in criminal cases at Omnibus Hearings), the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested.

(b) Each party opposing any written motion or other application shall file and serve, within ten days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested.

\* \* \* \* \* \*

(d) Motions and other applications will ordinarily be determined by the Court on the basis of the motion papers and briefs or

**13.** This quotation from *Hudson v. Hardy* was cited with apparent approval by the former Fifth Circuit in *Barker v. Norman,* 651 F.2d at 1129, n. 26.

Before a motion for summary judgment is granted, the pro se plaintiff must be advised of his right to file counteraffidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in entry of summary judgment against him .... In addition, the ... notice must be sufficiently clear to be understood by a pro se litigant and calculated to apprise him of what is required under Rule 56.[14]

*Id.* at 460; *accord Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975). In *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), the Seventh Circuit held:

Since few prisoners have a legal background, we think it appropriate to lay down a general rule that a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment.

*Id.* at 102; *accord Muhammad v. Rowe,* 638 F.2d 693, 696 (7th Cir.1981).

Accordingly, we hold that the instant local rule was not constructive notice to Moore that defendant's summary judgment motion would be taken under advisement as of a certain time. Since there is no other indication in the record that Moore received such notice, the district court's grant of summary judgment in favor of the defendants must be reversed, and on remand Moore must be given the required 10-day notice and an opportunity to respond to the motion with appropriate affidavits and otherwise.

## III. THE FIRST AMENDMENT CLAIM

■ In his original complaint and motion for restraining order, Moore referred only to the alleged infliction of cruel and un-

usual punishment. Record at 10. After the temporary restraining order was denied, Moore filed his motion to reconsider. In this motion, he referred specifically to his religious right, as a Sunni Moslem, to grow a beard. *See* note 4, *supra.* At no time did the defendants attempt to rebut Moore's factual contention as to his religious right. Rather, the defendants moved to strike the religious claim on the basis that it had not been alleged in either the original complaint or a properly amended complaint. Likewise, the trial court's order granting summary judgment seems not to have addressed Moore's religious claim. *See* note 8, *supra.*

The pleadings of pro se litigants are generally subject to less stringent rules. "The prisoner's pro se complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings prepared by lawyers." *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981); *see Richardson v. Fleming,* 651 F.2d 366, 368 (5th Cir.1981). At the time Moore filed his motion to reconsider, defendants had yet to file a responsive pleading. Thus, the motion to reconsider was filed during that period in which a litigant is entitled to amend his pleading once "as a matter of course." Fed.R.Civ.P. 15(a).[15] Moreover, the defendants' motion to strike the First Amendment claim evinces their actual notice of this claim. In such a situation, the cases in this circuit involving pro se litigants uniformly teach that the raising of an additional claim, in whatever documentary form, should be treated by the trial court as an amendment to the complaint. *See, e.g., Woodall v. Foti,* 648 F.2d at 271; *Wright v. El Paso County Jail,* 642 F.2d 134, 135 & n. 1 (5th Cir.1981); *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir. 1979).

---

**14.** The quotation from *Davis v. Zahradnick* was cited with apparent approval by the Eleventh Circuit in *Herron v. Beck,* 693 F.2d at 127.

**15.** Fed.R.Civ.P. 15(a) provides in part:

*Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive

pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and the leave shall be freely given when justice so requires.

522

Defendants did not attack the factual basis of plaintiff's First Amendment complaint. Because on the record before this court we cannot say that Moore's First Amendment claim is frivolous, *see Shabazz v. Barnauskas,* 598 F.2d 345 (5th Cir.1979); *Burgin v. Henderson,* 536 F.2d 501 (2d Cir. 1976); *Teterud v. Burns,* 522 F.2d 357 (8th Cir.1975); *cf. Cruz v. Beto,* 405 U.S. 319 (1972), we remand to the district court so that it can address plaintiff's free exercise of religion claim.

REVERSED AND REMANDED.