**Arthur JONES, Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC.,**
**Defendant.**

No. 87–412–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 18, 1988.

Paul A. Louis, Sinclair, Louis, Siegel, Heath, J.F. Dougherty, II, Miami, Fla., for plaintiff.

Gregory G. Jones, Christopher L. Griffin, Carlton, Fields, Ward, Emmanuel Smith, Cutler & Kent, P.A., Tampa, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on motion and amended motion to vacate and/or to

reconsider summary judgment and for a rehearing and response thereto. On September 7, 1988, 694 F.Supp. 1542, this Court entered an order granting Defendant's motion for summary judgment and dismissing the cause of action.

■ Plaintiff first argues that this Court has deprived him of ten days notice that the Court would be taking the motion for summary judgment under advisement on a certain day. Rule 56(c), Fed.R.Civ.P. does not necessarily mandate an oral hearing on every motion for summary judgment. Rather, binding precedent in this circuit has found that if the adverse party is given ten days notice and afforded an opportunity to submit materials in opposition to the motion, to marshall its forces to defeat the motion, then the party "has been heard within the meaning of Rule 56." *Kibort v. Hampton*, 538 F.2d 90 (5th Cir.1976).

Precedent in this circuit has held that the existence of a local rule, such as Rule 3.01 of the Middle District of Florida, is sufficient notice to satisfy the requirements of Rule 56(c). In addition to the notice of Rule 3.01, on April 27, 1987, this Court issued in this case an Order of Procedure, wherein the Court specifically notified all parties that the non-moving party would have ten days to respond to the motion for summary judgment.

None of the cases cited by Plaintiff involve a situation where, as in this case, both parties are represented, the adverse party filed materials in opposition to the motion for summary judgment, and the record is clear that all the adverse party's submissions were considered by the Court in resolution of the motion for summary judgment. The adverse party in *Moore v. State*, 703 F.2d 516 (11th Cir.1983), was a *pro se* litigant whom the court found to be in a position significantly different from the represented litigant.

In *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984), the trial court granted a motion to dismiss without opinion or reason underlying the order. The Eleventh Circuit found the constructive notice of the local rule not sustained in that particular situation "given the uncertainty on the

record respecting the precise nature of and reasons for the district court's action". *Id,* at 766. The final case cited by Plaintiff is the unpublished opinion in *Citicorp v. Citicorp Mortgage Co., Inc.*, 853 F.2d 929 (11th Cir.1988). In that case the party opposing the motion for summary judgment was denied an enlargement of time to respond and the motion was decided based only on the unopposed motion for summary judgment.

None of these factual situations exist in this cause. The motion for summary judgment was filed November 6, 1987. After obtaining permission to file a memorandum in excess of twenty pages, Plaintiff filed a thirty-five page memorandum in opposition to the motion for summary judgment on April 15, 1988, supported by two volumes of appendix of exhibits and six video tapes. The Court ordered that the parties submit a joint memorandum of law. That twenty page memorandum was filed by the parties on June 7, 1988, wherein Plaintiff was given another opportunity to state its position, as to the facts and the law, in opposition to the motion for summary judgment.

■ This Court, as is clear from the order of September 7, 1988, considered the Plaintiff's thirty-five page memorandum, the exhibits in support thereof, and the joint memorandum. This Plaintiff has had every opportunity to "marshall" his defenses to the motion and to present them to this Court. The Plaintiff was given at least constructive notice, through the Order of Procedure and the local rule, that the motion for summary judgment was to be taken under advisement as of the filing of the last permissible pleading. Rule 56(c) is subject to a harmless error analysis. *Marshall v. City of Cape Coral*, 797 F.2d 1555, 1562–63 (11th Cir.1986). Even if one were to conclude that Plaintiff was deprived of the ten day notice of Rule 56(c), a position which this Court finds insupportable in this case, the failure renders the action of this Court at most harmless error. The motion to vacate the motion for summary judgment is denied.

Plaintiff asserts that the Court failed to deny his request for oral argument on the motion for summary judgment. The Court

finds that through oversight the request was not specifically denied in the September 7, 1988, order. The Court has considered the remaining assertions of Plaintiff's motion and find them to be without merit. The Court finds the memorandum of Defendants, in opposition to the instant motion, persuasive. Accordingly, it is

ORDERED that the motion to vacate and/or to reconsider summary judgment and for a rehearing be denied. Plaintiff's request for oral argument on the motion for summary judgment is denied *nunc pro tunc* to September 7, 1988.

DONE and ORDERED.