[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12071
Non-Argument Calendar

_____

D. C. Docket No. 04-02224-CV-JEC-1

ELLIS SAMPSON,

Plaintiff-Appellant,

versus

FULTON COUNTY JAIL,

Defendant-Appellee,

FULTON COUNTY SHERIFF,
JACKIE BARRETT,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 7, 2005)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

The district court dismissed Ellis Sampson's civil rights complaint for failing to respond to the defendants Fed. R. Civ. P. 12(b) motions to dismiss as required by Northern District of Georgia Local Rule 7.1B. Sampson now appeals the dismissals. He contends that because he is proceeding pro se, he should have been informed of Local Rule 7.1.B's requirements but was not. He therefore asks that we vacate the district court's judgment and remand the case for further proceedings.

Local Rule 7.1B requires a party opposing a motion to file a response within ten days after service of the motion. "[F]ailure to file a response shall indicate that there is no opposition to the motion." U.S.Dist.Ct.Rules N.D.Ga., Civil Rule 7.1B. In Magluta v. Samples, 162 F.3d 662 (11th Cir. 1998), we discussed Local Rule 7.1B in the context of the granting of an unopposed motion to dismiss. We held that the district court's dismissal of Magluta's complaint under the fugitive disentitlement doctrine was an abuse of discretion, but noted that the court could have dismissed the complaint under Local Rule 7.1B because Magluta's attorney failed to file a response to the defendant's motion to dismiss. Id. at 664. We therefore remanded the case to the district court so that the court could determine whether, in its discretion, dismissal under its rules was appropriate. Id. at 665.

Magluta, however, was represented by counsel, and we do not always hold

2

pro se litigants to the same standards and attribute to them the same knowledge as that of a lawyer. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) ( holding that pro se pleadings are to be liberally construed); Gunn v. Newsome, 881 F.2d 949, 962 (11th Cir. 1989) (stating that in determining whether a pro se habeas petitioner abused the writ, "we do not attribute to the pro se petitioner the knowledge of a lawyer"). In Mitchell v. Inman, 682 F.2d 886 (11th Cir.1982), this court discussed a local rule requiring a timely response to a motion to dismiss, noting generally that "it should not serve as a basis for dismissing a pro se civil rights complaint where, as here, there is nothing to indicate plaintiff was ever made aware of it prior to dismissal." Id. at 887.

Similarly, when discussing Fed. R. Civ. P. 56(c), which requires a party moving for summary judgment to serve the opposing party at least 10 days prior to the hearing and gives the opposing party the right to file a responsive pleading, we stated that:

> [w]e have recognized the especial care which must be exercised when an action is brought alleging denial of basic constitutional liberties by an indigent prisoner lacking formal legal training. Such parties occupy a position significantly different from that occupied by litigants represented by counsel. In such cases, as in that before us today, a court should be particularly careful to ensure proper notice to a pro se litigant, so that any rights that such a litigant might have will not be extinguished merely through failure to appreciate the subtleties of modern motion practice.

3

<u>Griffith v. Wainwright</u>, 772 F.2d 822, 825 (11th Cir.1985) (internal quotations and citations omitted).

Relying on Local Rule 7.1B, the district court granted Sheriff Barrett's motion to dismiss on March 14, 2005, and Fulton County Jail's motion to dismiss on April 1, 2005. There is no indication in the record that Sampson was aware of Local Rule 7.1B prior to the granting of Barrett's motion to dismiss. Sampson knew about the rule, though, prior to the granting of Fulton County Jail's motion to dismiss, but failed to file a response to that motion. Given these differing circumstances, we vacate the court's dismissal of the complaint against Barrett, and remand the case as to her for further proceedings. We affirm, however, the dismissal of the complaint against the Jail.

AFFIRMED in part; VACATED and REMANDED in part.