[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15023
Non-Argument Calendar
_____

D. C. Docket No. 03-21675-CV-MGC

ROBERT D. PIERCE, JR.,

Plaintiff-Appellant,

versus

CITY OF MIAMI,
RON HENRY, Corporal,
T. HARRISON, Officer,

Defendants-Appellees,

JOHN TIMONEY, Chief,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2006)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Pierce filed a pro se civil rights complaint, 42 U.S.C. § 1983, against the City of Miami, Ron Henry, T. Harrison, and two unnamed defendants. The district court issued an Order of Instructions to Pro Se Litigants, advising Pierce to serve the defendants's counsel with copies of all pleadings, to submit copies of service of process with all filings, and to review the rules of civil procedure, and warning that the failure to actively pursue the case could result in dismissal. Thereafter, the court issued an order to show cause based on Pierce's failure to submit a certificate of interested parties, a corporate disclosure statement, and a form concerning consent to a magistrate judge's jurisdiction. Pierce responded to the order with the required documentation.

The defendants answered the complaint and filed individual motions for summary judgment. Pierce then moved to amend his complaint, adding additional claims and defendants. The court granted the motion to amend, over the defendants' objections.

The defendants jointly moved to dismiss the complaint because summary judgment was pending. The court denied the motion to dismiss, concluding that the amended complaint rendered the summary judgment motions moot. The

2

defendants then filed a joint summary judgment motion, adopting their previous arguments. Pierce did not respond to the motion to dismiss or for summary judgment.

On August 5, 2005, the district court issued an order to show cause why the complaint should not be dismissed because Pierce had not responded to the motions. Pierce did not respond to the order to show cause, and the court dismissed the complaint by default on August 16 pursuant to Local Rule 7.1C.[1] The following day, Pierce submitted his response to the order to show cause, explaining that he had been in treatment for post-traumatic stress disorder at the Veterans Administration Hospital and was not released until mid-July. He stated that the order was not mailed until August 12 and he did not receive it until August 16. He further admitted that he had not realized a response was required because the summary judgment motion was the same as the original motions the defendants had filed previously and to which he had responded. The district court denied the response as untimely and moot, noting that it was the second time the court had issued Pierce an order to show cause.

On appeal, Pierce argues that the court abused its discretion by dismissing

---

[1] Local Rule 7.1C provides, "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion . . . failure to do so may be sufficient cause for granting the motion by default."

his complaint without considering his explanation, warning him of the possibility of default or dismissal, or determining whether lesser sanctions would suffice. He also reminds this court of his pro se status.

Dismissal for want of prosecution under Fed.R.Civ.P. 41(b) is within the trial court's discretion and can be reversed only for an abuse of discretion. McKelvey v. AT&T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986); see also Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal is a severe sanction that is appropriate "'only in the face of a clear record of delay or contumacious conduct by the plaintiff' and 'where less drastic sanctions are unavailable.'" McKelvey, 789 F.2d at 1520 (citation omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id.

Here, although the court had warned Pierce that dismissal was possible for the failure to prosecute, this extreme sanction was not warranted in this case. Pierce responded to the order to show cause one day after the time period expired, and explained that he had not received the order until then. In addition, the court made no finding that lesser sanctions would not suffice. Notably, although the court warned Pierce that failure to prosecute could result in dismissal, there is no

4

evidence that Pierce was made aware of Local Rule 7.1C, the basis for the court's order. Cf. Mitchell v. Inman, 682 F.2d 886 (11th Cir. 1982)[2]; see also Moore v. Florida, 703 F.2d 516 (11th Cir. 1983). Pierce pursued his claims and responded quickly to the previous order to show cause. Thus, there was no evidence of willful contempt or contumacious conduct necessary to dismiss the complaint.

Moreover, although pro se litigants are still bound by rules of procedure, this court has explained that they should not be held to the same level of knowledge as an attorney, and, therefore, additional notice may be appropriate. Sampson v. Fulton County Jail, 157 Fed. Appx. 242 (11th Cir. 2005) (unpublished) (citing Gunn v. Newsome, 881 F.2d 949 (11th Cir. 1989), and Mitchell, 682 F.2d at 887).

The appellees assert that dismissal was proper because Pierce exhibited more than negligence in the prosecution of his claims. The record reflects, however, that Pierce promptly complied with the court's orders to show cause, and he has explained why he failed to respond to the earlier order. This situation appears more like negligence than wilful contempt. Therefore, we conclude that the district court abused its discretion because it did not determine whether lesser sanctions

---

[2] In Mitchell, this court vacated and remanded a court's dismissal based on the failure to comply with a local rule because there was no evidence that the plaintiff knew about the rule. Here, in contrast, Pierce had been warned about failure to prosecute and he knew that a response to a motion to dismiss or for summary judgment was proper because he filed such responses to the earlier motions. Pierce was not, however, instructed regarding the local rule under which the court dismissed his complaint.

would suffice, and there was no evidence of wilful contempt or delay.

Accordingly, we VACATE and REMAND.