[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2006
THOMAS K. KAHN
CLERK

No. 06-12344
Non-Argument Calendar

_____

D. C. Docket No. 06-00165-CV-ORL-28-KRS

SHANE P. CZETLI,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 27, 2006)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Florida prisoner Shane P. Czetli, proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice of his 28 U.S.C. § 2254 petition. The district court dismissed the petition because Czetli failed to pay the appropriate filing fee, submit an affidavit of indigency, or file an *in forma pauperis* (IFP) application. Czetli also appeals the district court's denial of his motion to reconsider, in which he requested his § 2254 petition be reinstated. We granted a certificate of appealability on the following issues:

(1) Whether the district court properly dismissed the *pro se* 28 U.S.C. § 2254 petition without first giving the petitioner notice and an opportunity to pay the filing fee or file the required documentation to proceed *in forma pauperis*.

(2) Whether the district court abused its discretion in denying the petitioner's motion for reconsideration of the dismissal without prejudice after he submitted an indigency application.

As an initial matter, the COA frames the issue as whether the district court properly dismissed Czetli's § 2254 petition. While the record reflects Czetli has in fact filed only a motion to extend time, rather than a § 2254 petition, the district court repeatedly referred to the motion as a petition, and otherwise treated it as such. Thus, we will accordingly treat Czetli's motion to extend time as a § 2254 petition.

We review a district court's order dismissing an action for failure to comply with local rules for an abuse of discretion. *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th

Cir. 1993). Pursuant to Federal Rule of Civil Procedure 41(b), a district court has

the authority to dismiss actions for failure to comply with a local rule of the

district court. *Id.* The district court may exercise this power *sua sponte*, pursuant

to the inherent power of federal courts to manage their dockets. *Pond v. Braniff*

*Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972).[1]

Rule 1.03(e) of the Local Rules of the Middle District of Florida states:

> The Clerk shall accept for filing all prisoner cases filed with or
> without the required filing fee or application to proceed *in forma*
> *pauperis*. However, a prisoner case will be subject to dismissal by
> the Court, *sua sponte*, if the filing fee is not paid or if the application
> is not filed within 30 days of the commencement of the action.

In discussing a local rule requiring a timely response to a motion to dismiss,

this Court noted a local rule "should not serve as a basis for dismissing a *pro se*

civil rights complaint where, as here, there is nothing to indicate plaintiff ever was

made aware of [the local rule] prior to dismissal." *Mitchell v. Inman*, 682 F.2d

886, 887 (11th Cir. 1982). Following *Mitchell*, we held a district court's local rule

requiring timely opposition to a motion for summary judgment did not constitute

constructive notice to a *pro se* inmate that the motion for summary judgment

would be taken under advisement within 10 days. *Moore v. Florida*, 703 F.2d

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

516, 520 (11th Cir. 1983).  Also, where a district court *sua sponte* dismissed a state prisoner's § 1983 complaint for failure to pay an initial partial filing fee, we vacated and remanded, concluding the district court erred by not taking reasonable steps to discover whether the prisoner complied with its IFP order to pay an initial partial filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002).

Here, there is no evidence in the record suggesting the district court made Czetli aware of Local Rule 1.03(e) before dismissing his case.  Czetli had no actual notice of the consequences of not complying with this particular local rule, and the mere existence of the rule did not constitute constructive notice to Czetli, a *pro se* inmate.  *See Moore*, 703 F.2d at 520; *Mitchell*, 682 F.2d at 887.  Further, the district court made no inquiry as to whether Czetli complied with the local rules or whether his failure to comply was beyond his control before dismissing Czetli's petition.  *See Wilson*, 313 F.3d at 1321.  Thus, the district court abused its discretion by dismissing Czetli's petition without first giving him notice and an opportunity to pay the filing fee or file the required documentation to proceed IFP. We vacate and remand to the district court for further proceedings.[2]

**VACATED AND REMANDED.**

---

[2] Because we conclude the district court abused its discretion in *sua sponte* dismissing Czetli's petition, we need not address the district court's denial of Czetli's motion for reconsideration.