[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11899
Non-Argument Calendar

_____

D. C. Docket No. 06-00052-CV-T-23TBM

GRADY RODRIQUAS BRYE,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 29, 2007)

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Grady Rodriquas Brye, a Florida prisoner proceeding pro se, appeals the sua sponte dismissal of his petition for a writ of habeas corpus for failure to pay the filing fee or file a motion for leave to proceed in forma pauperis in accord with Rule 1.03(e) of the Local Rules of the Middle District of Florida. We granted a Certificate of Appealability on the limited question "[w]hether the district court properly dismissed the pro se habeas petition without first giving Brye notice and opportunity to pay the filing fee or file the required documentation."

Under Federal Rule of Civil Procedure 41(b), a district court is authorized to dismiss an action for failure to comply with local rules, Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993), and the district court may exercise that power sua sponte, see Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972). We review the order of a district court that dismisses an action for failure to comply with a local rule for abuse of discretion. Kilgo, 983 F.2d at 192.

We have held that the district court should not dismiss the action of a pro se plaintiff based on a local rule when "there is nothing to indicate [the] plaintiff ever was made aware of it prior to dismissal." Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982) (vacating the dismissal of a pro se plaintiff's complaint for failure to comply with Local Rule 91.2 of the Northern District of Georgia). In accordance with that precedent, the district court should not have dismissed Brye's

petition. The record does not establish that Brye had knowledge of the requirements of Rule 1.03(e) before the district court dismissed his petition.

Although Brye filed a motion for leave to proceed in forma pauperis with his initial petition for a writ of habeas corpus, there is no evidence that Brye was aware of Rule 1.03 or the consequences of failing to file that motion with his petition. To the contrary, it appears from the record, that Brye believed that, because his motion for leave to proceed in forma pauperis with respect to his initial petition had been granted, he was not required to obtain permission to proceed in forma pauperis with respect to his second petition. In the light of Brye's pro se status, the district court should have determined that Brye was aware of the requirements of Rule 1.03(e) and the consequences of non-compliance before sua sponte dismissing Brye's petition. The district court abused its discretion when it dismissed the petition without giving Brye notice of the rule and allowing him an opportunity to comply. See Mitchell, 682 F.2d 887-88; Moore v. Fla., 703 F.2d 516, 520 (11th Cir. 1983).

The order dismissing Brye's complaint is **VACATED** and the petition is **REMANDED** for further proceedings.