[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15636
Non-Argument Calendar

_____

D. C. Docket No. 04-00667-CV-J-32-TEM

HAKIM ABDULLAH,

Plaintiff
Counter-Defendant
Appellant,

versus

CITY OF JACKSONVILLE,
C. RODGERS,
Badge No. 5804, in his personal capacity,

Defendants
Counter-Claimants,
Appellees,

I. E. BROWN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 30, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Hakim Abdullah appeals the district court's grant of summary judgment in favor of the defendants, the City of Jacksonville and Jacksonville Sheriff's Office employees Officer Isaac Brown and Sergeant Clarence Rodgers, in his civil rights action, filed pursuant to 42 U.S.C. §§ 1983 and 1985(3).

As a preliminary matter, Abdullah does not challenge the substantive basis for the district court's grant of summary judgment to the defendants. Therefore, he has abandoned this issue on appeal. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) (stating "[i]ssues that are not clearly outlined in an appellant's initial brief are deemed abandoned"). We address his alleged errors in turn.

## I.

Abdullah first contends the district court erred in ruling on the defendants' motion for summary judgment because their motion to dismiss was still pending. In addition, Abdullah asserts the district court "willfully and intentionally" did not rule on the motion to dismiss. Moreover, Abdullah maintains because the defendants did not file an answer to Abdullah's complaint, they were barred from obtaining summary judgment, and Abdullah was entitled to a default judgment.

2

Abdullah's assertion the district court did not rule on the defendants' motion to dismiss is incorrect. The district court denied the defendants' motion to dismiss as moot when it granted their motion for summary judgment. Abdullah points to no authority indicating the district court's denial of the defendants' motion to dismiss as moot was impermissible under the Federal Rules of Civil Procedure.

Moreover, as to Abdullah's argument the defendants were required to file an answer to his amended complaint, the defendants' motion to dismiss was not acted upon until the district court granted the defendants' motion for summary judgment and denied the motion to dismiss as moot. Accordingly, under the Federal Rules of Civil Procedure, the defendants were not required to file an answer. *See* Fed. R. Civ. P. 12(a)(4)(A); *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962)[1] (holding "[a]fter . . . a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon"). Moreover, Abdullah was not entitled to a default judgment because, although the defendants did not file an answer to his amended complaint, they filed a motion to dismiss and a motion for summary judgment, setting forth all their affirmative defenses and submitting evidence in support of their defenses. Therefore, the defendants

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

defended Abdullah's action against them. *See* Fed. R. Civ. P. 55(a) (stating when a defendant has failed to plead or otherwise defend the action, the clerk shall enter a default judgment against the defendant).

Accordingly, the district court did not err in granting summary judgment to the defendants before an answer was filed. *See Vencor Hosp., Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002) (stating a district court's interpretation of the Federal Rules of Civil Procedure is subject to *de novo* review).

## II.

Abdullah next asserts the district court erred in not issuing an order announcing its decision to treat the defendants' motion to dismiss as a motion for summary judgment, in violation of Federal Rule of Civil Procedure 12(b). Moreover, Abdullah contends the district court did not advise him of his right to file affidavits or other responsive material to the motion for summary judgment.

"Under Federal Rule of Civil Procedure 56(c), the non-moving party must be given a 10-day advance notice that a summary judgment motion will be taken under advisement." *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 (11th Cir. 1995). "Before a motion for summary judgment is granted, the pro se plaintiff must be advised of his right to file counteraffidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in the

entry of summary judgment against him." *Moore v. Florida*, 703 F.2d 516, 521 (11th Cir. 1983). Barring unique circumstances, the district court's failure to give proper summary judgment notice is reversible error. *See Donaldson v. Clark*, 819 F.2d 1551, 1555 n.3 (11th Cir. 1987) (en banc). A narrow, harmless-error exception exists, however, if the non-moving party made all the arguments and submitted all the evidence it would have presented had proper notice been given. *See Restigouche, Inc.*, 59 F.3d at 1213 (holding the district court's failure to comply with the 10-day notice rule was harmless error because, upon *de novo* review of the record, we were "convinced that we have before us. . . all of the facts and arguments that Restigouche would have or could have presented had Restigouche been given the required notice").

The defendants correctly note the district court did not convert the defendants' motion to dismiss into a motion for summary judgment. Rather, the defendants filed a separate motion for summary judgment. Moreover, the district court complied with the 10-day notice rule because, on February 8, 2006, it informed the parties that it would review all motions, and it did not grant the defendant's motion for summary judgment until September 2006.

Although the district court did not expressly inform Abdullah of his right to file affidavits or other responsive material in opposition to the defendants' motion

5

for summary judgment, the record reflects Abdullah understood he had a right to present such evidence. For example, in response to the defendants' motion for summary judgment, Abdullah noted the non-moving party must go beyond the pleadings and provide affidavits, depositions, answers to interrogatories, and admissions on file to designate specific facts showing that there is a genuine issue for trial. *See Moore*, 703 F.2d at 521. In addition, Abdullah filed with his response to the defendants' motion for summary judgment exhibits and affidavits, evidencing his awareness of his right to submit evidence in opposition to the motion. Thus, it is clear that Abdullah was aware of his right to file responsive materials. Accordingly, we find no error. *See Vencor*, 279 F.3d at 1308.

**III**.

Abdullah next asserts the district court erred in depriving him of his right to a hearing regarding the defendants' summary judgment motion. We have held

> [i]t is now well established that Rule 56 does not necessarily contemplate an oral hearing. Rather, 10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day satisfies the notice and hearing dictates of Rule 56.

*Moore*, 703 F.2d at 519.

6

Abdullah's claim is without merit because we have held there is no right to a hearing regarding a motion for summary judgment and, as discussed above, the district court complied with the 10-day notice rule. *See Vencor*, 279 F.3d at 1308; *Moore*, 703 F.2d at 519.

**IV.**

Abdullah also contends the district court lacked the authority to reverse its scheduling order. We have held district courts have broad discretion in managing their cases, including discovery and scheduling. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

The district court vacated its original scheduling order setting dates for the pretrial conference and trial because there were numerous motions still pending before it. Abdullah points to no authority holding that district courts lack the power to vacate their own scheduling orders. This authority is encompassed within the district court's broad discretion to manage their caseloads. *See Chemaly*, 280 F.3d at 1360. Therefore, the district court did not abuse its discretion in vacating its scheduling order. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001) (stating we review pre-trial scheduling orders for an abuse of discretion).

**AFFIRMED.**