[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2009
THOMAS K. KAHN
CLERK

No. 08-14290
Non-Argument Calendar

_____

D. C. Docket No. 07-00415-CV-FTM-29-SPC

CARLOS GONZALEZ,

Plaintiff-Appellant,

versus

ASSET ACCEPTANCE, LLC,
CT CORPORATION SYSTEMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 26, 2009)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Carlos Gonzalez, *pro se*, appeals the district court's denial of class certification and dismissal of his complaint for failure to state a claim against defendants Asset Acceptance, LLC ("Asset Acceptance") and C.T. Corporation Systems ("C.T. Corp.") (collectively "the defendants"). On appeal, Gonzalez argues that the district court erred in (1) denying his class action claim, and (2) dismissing his claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Sarbanes-Oxley Act, 15 U.S.C. § 7201 *et seq.*, the Securities Exchange Act of 1933, 15 U.S.C. § 77a *et seq.*, the Clayton Antitrust Act, 15 U.S.C. § 12 *et seq.*, Federal Trade Commission ("FTC") staff commentary, 53 Fed. Reg. 50097-02 at 50110, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the Due Process Clause.

## I. Class action

We review the district court's denial of class certification for an abuse of discretion. *White v. Coca-Cola Co.*, 542 F.3d 848, 853 (11th Cir. 2008). Pursuant to Rule 23(f), "[a] court of appeals may permit an appeal from an order granting or denying class-action certification . . . if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered." Fed.R.Civ.P. 23(f). Under local rules, a plaintiff seeking class certification must move for a class

2

action determination within 90 days of filing the initial complaint, and the motion must be supported by a memorandum and contain a detailed description of the class, including the number of class members.  M.D. Fla. L.R. 4.04(b).  A district court is authorized to dismiss an action for failure to comply with local rules.  Fed.R.Civ.P. 41(b); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).  We have held, however, that when a *pro se* plaintiff is not made aware of his obligations under a local rule, a district court is not permitted to dismiss the complaint for failure to comply with the rule.  *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not abuse its discretion by denying class certification, as Gonzalez failed to comply with Local Rule 4.04(b).

## II.  *Failure to state a claim*

We review *de novo* the dismissal of a complaint for failure to state a claim, accepting the factual allegations as true and construing them in the light most favorable to the plaintiff.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  If a complaint fails to state a claim upon which relief may be granted, a district court may dismiss it.  Fed.R.Civ.P. 12(b)(6).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

Fed.R.Civ.P. 8(a)(2).  The purpose of Fed.R.Civ.P. 8(a)(2) is to provide the defendant with fair notice of what claim is being alleged, and the grounds upon which it rests.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citation omitted).  We have held that, under Rule 8, a district court should give pleadings a liberal reading when addressing a motion to dismiss for failure to state a claim, particularly when the party is *pro se*, but the court is not permitted to serve as a *"de facto* counsel" and "rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

> The Supreme Court has held:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. ED. 2d 926 (2007) (internal citations omitted).  Following *Bell Atlantic*, we held that a pleading must contain enough facts that a reasonable expectation exists that discovery will reveal evidence of the necessary elements, and it is sufficient that the complaint identifies facts that are suggestive enough to render the necessary

4

elements plausible. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007).

We conclude from the record that the district court did not err in dismissing the complaint for failing to state a claim, as Gonzalez did not allege specific facts that supported his claims. Accordingly, we affirm the district court's denial of class certification and the judgment of dismissal.

**AFFIRMED.**