[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12063
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-00008-MCR-GRJ

DUONG THANH HO,

Plaintiff - Appellant,

versus

DEDEE S. COSTELLO,
Circuit Court Judge,
ELIJAH SMILEY,
Circuit Court Judge,
JENNIFER ALANE HAWKINS,
Assistant State Attorney Bay County,
CHRISTA DIVINEY,
Assistant Attorney,
MICHAEL T. D'ERRICO,
State Licensed Forensic Psychologist, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 12, 2018)

Before ROSENBAUM, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Duong Ho, a prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action for failing to comply with a court order and to prosecute his case.  After careful review, we now affirm.

Ho filed his *pro se* § 1983 complaint in the district court.  But though he was a prisoner at the time, he did not file his complaint on the court-approved civil-rights form to be used by prisoners in § 1983 actions.  His complaint was also 66 pages long, substantially exceeding the usual 25-page limit for a *pro se* complaint in the Northern District of Florida.  Upon initial screening under 28 U.S.C. § 1915(e), the magistrate judge explained that Ho's complaint named multiple defendants but did not adequately state what each defendant did or did not do, in support of each claim and which factual allegations linked each defendant to each claim.  For these reasons, by order dated January 8, 2018, the magistrate judge ordered Ho to file an amended complaint by February 5, 2018.  He expressly warned, "Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to follow a Court order."

February 5 came and went without any action whatsoever by Ho.  So on February 14, 2018, the magistrate judge issued a report and recommendation

recommending dismissal of the case, pursuant to the court's inherent power to control its docket, for failure to comply with a court order and for failure to prosecute.

Nearly three weeks later, on behalf of Ho, Pamela R. Nesmith, apparently Ho's mother, filed an objection to the February 14 report and recommendation. But there is no indication in the record that Nesmith is an attorney. So on March 16, the district court issued an order prohibiting Nesmith from appearing *pro se* on behalf of Ho and stayed the case for 30 days to allow Ho to retain legal counsel. The district court specifically cautioned, "If legal counsel does not file an appearance within that time, the stay will be lifted and the Court will consider the magistrate judge's pending Report and Recommendation."

Thirty days passed with no action by Ho. Therefore, on April 19, the district court issued an order lifting the stay. The order further explained that since no attorney had appeared on Ho's behalf in the designated period, the stay was lifted, and the case would proceed with Ho proceeding *pro se*. But since Ho himself neither filed an amended complaint nor an objection the magistrate judge's February 14 report and recommendation, the district court adopted the February 14 report and recommendation and dismissed the case without prejudice for failure to comply with a Court order and for failure to prosecute.

We review for abuse of discretion a district court's decision to dismiss a complaint for failure to follow a court order. *Foudy v. Indian River County Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with the [Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." However, a local rule "should not serve as a basis for dismissing a *pro se* civil rights complaint where . . . there is nothing to indicate plaintiff ever was made aware of [the local rule] prior to dismissal." *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982). Although the plain language of Rule 41(b) indicates that a defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

The district court did not abuse its discretion by dismissing Ho's complaint. The magistrate judge's January 8 order expressly informed Ho of the deficiencies in his complaint and the rules that he needed to follow in filing an amended complaint. It further ordered Ho to file his amended complaint by February 5, 2018, and advised that failure to do so could result in dismissal. Yet Ho did not file an amended complaint.

Then, after the magistrate judge's February 14, 2018, report and recommendation recommending dismissal of the case, Ho did not file any

4

objections; only Nesmith did.  And when the district judge issued an order explaining that Nesmith could not represent Ho and staying the case for 30 days to allow Ho to find counsel if he so desired, Ho again did nothing—even though the district court's order specifically stated that his failure to take further action would result in the district court's consideration of the report and recommendation recommending dismissal of the case.

As we have noted, all of the magistrate judge's and district court's orders clearly instructed Ho what to do and what was expected of him.  But Ho did not comply with these orders.  Thus, the district court's dismissal of Ho's complaint was reasonable.  *Foudy*, 845 F.3d 1117, at 1126 (holding that dismissal of plaintiff's complaint for failing to explain their grounds for joinder in a complaint naming multiple parties despite court order to do so "[was] entirely appropriate.").  Finally, we note that the dismissal was without prejudice.  So had he chosen not to appeal, nothing would have prevented Ho from refiling his case.  For all of these reasons, we find no abuse of discretion and affirm the dismissal.

**AFFIRMED.**