[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14299
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00384-WTH-PRL

LUIS OLIVARES,

Petitioner - Appellant,

versus

WARDEN, USP COLEMAN I,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 2, 2019)

Before JORDAN, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Luis Olivares, a federal prisoner, appeals the district court's dismissal of his *pro se* 28 U.S.C. § 2241 petition.  The district court dismissed the petition for failure to pay the required filing fee or file a request to proceed *in forma pauperis* (IFP) in accordance with its local rules.  On appeal, Olivares reiterates the merits of his habeas petition, instead of challenging the district court's dismissal of his petition.

Olivares has abandoned his challenge to the district court's dismissal of his case because he has not briefed the issue on appeal.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating a legal claim or argument that is not briefed on appeal is deemed abandoned).

In any event, the district court did not abuse its discretion by dismissing Olivares's habeas petition.  *See Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (reviewing the district court's dismissal of an action for failure to comply with a local rule for an abuse of discretion).  The Middle District of Florida's local rules provide that:

> The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.

M.D. Fla. R. 1.03(e).  The district court gave notice to Olivares of Local Rule 1.03(e), which required him to either pay the filing fee or move for IFP status,

2

when it entered its standing order detailing the rules that *pro se* litigants were required to follow. *See Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982) (holding the district court should not dismiss the action of a *pro se* plaintiff based on a local rule when "there is nothing to indicate [the] plaintiff ever was made aware of it prior to dismissal"). Because Olivares failed to follow the local rules, the district court properly exercised its authority to *sua sponte* dismiss Olivares's claim without prejudice. *See* Fed. R. Civ. P. 41(b) (providing a district court has authority to dismiss actions for failure to comply with local rules); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)[1] (stating the district court may exercise the power to dismiss actions for failure to comply with local rules *sua sponte*). Additionally, the district court's dismissal without prejudice allowed Olivares to refile his petition should he pay the filing fee or apply for IFP. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (stating a dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply refile).

**AFFIRMED.**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3