[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

No. 06-15957
Non-Argument Calendar

_____

D. C. Docket No. 06-00401-CV-4-RH-WCS

RANDALL LAMONT ROLLE,

Plaintiff-Appellant,

versus

UNITED STATES MARSHALS OFFICE,
MARTY WEST,
MIKE WOMBLE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 15, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Lamont Rolle, a Florida state prisoner proceeding pro se, appeals the district court's dismissal, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B), of his civil rights complaint for failure to state a claim upon which relief may be granted. He also appeals the district court's denial of his motion to amend his complaint. For the reasons that follow, we affirm in part and vacate and remand in part.

## I. BACKGROUND

On August 31, 2006, Rolle filed a civil rights action against Deputy Marshals Marty West and Mike Womble ("Marshals"), in their individual and official capacities, and the United States Marshals Office,[1] alleging that the Marshals conducted a warrantless search of his home in violation of his rights under the Fourth Amendment. On September 29, 2006, Rolle filed an amended complaint clarifying his claims.

According to the amended complaint, on October 25, 2002, the Marshals forcibly entered Rolle's home and arrested him pursuant to four arrest warrants, including warrants for attempted murder, possession of a firearm by a convicted felon, and possession of cocaine. Rolle alleged that after arresting him and placing

---

[1] In drafting his complaint, Rolle used the "Civil Rights Complaint Form" employed by prisoners in actions under 42 U.S.C. § 1983. But because the Marshals are federal officers, we construe Rolle's complaint as an action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

him in a Marshal's vehicle, the Marshals "re-entered" his home, searched the home without a search warrant, and seized unspecified items that were "used" against him in various criminal proceedings.[2] Rolle also alleged that the U.S. Marshals Office had "failed to properly train" Marshals West and Womble. In relief, Rolle requested a "permanent injunction invalidating all proceeding[s]" in which the items seized from his home were used as evidence against him. He also requested damages and declaratory relief.

After performing the required screening under the PLRA, the magistrate court concluded that Rolle's claims were barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Rolle filed objections to the magistrate's recommendation, which the district court overruled.

Rolle then moved for leave to file a second amended complaint. In this complaint, Rolle clarified the allegations in his first amended complaint, alleging that the Marshals had unlawfully seized two firearms from his home and that those firearms were used as grounds to revoke his probation and to sentence him to

---

[2] In his first amended complaint, Rolle did not identify the items seized from his home, the charges arising from the seizure of these items, or the precise nature of the judicial proceedings in which these items were used as evidence against him.

3

consecutive sentences of five years' and ten years' imprisonment. Yet Rolle's second amended complaint failed to delineate all of the grounds upon which his probation was revoked and failed to detail the precise nature of the charges, convictions, and sentences he claimed resulted from the allegedly unlawful seizure of the firearms. In his prayer for relief, Rolle omitted his previous request that the court invalidate all judicial proceedings in which the seized evidence was used against him. But Rolle reiterated his request for damages and a declaration that the Marshals had violated his rights.

The district court denied Rolle's request to file a second amended complaint, concluding that "the new complaint, like the prior version, demands relief including the invalidation of state proceedings at which the evidence at issue was used." The court also accepted and adopted the magistrate's report, and dismissed Rolle's complaint as barred under Heck. Rolle filed this appeal.

## II. DISCUSSION

### A. Dismissal of Rolle's Complaint for Failure to State a Claim

On appeal, Rolle argues that the district court erred in dismissing his first amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We review a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B) de novo, accepting the allegations in the complaint as true.

4

Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

Section 1915(e)(2)(B)(ii) directs the district court to dismiss the complaint of any prisoner proceeding in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Flint v. ABB, Inc., 337 F.3d 1326, 1328-29 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law. Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

Here, the district court held that Rolle's complaint was Heck-barred because in Rolle's prayer for relief, he expressly requested an order invalidating any and all judicial proceedings in which the evidence seized during the contested search was used. Under Heck, a state prisoner may not bring a claim under Bivens if a judgment in his favor would implicitly question the validity of his conviction or the duration of his sentence, "unless [he] first achieves a favorable termination of

5

his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (citing Heck, 512 at 487, 114 S.Ct. at 2372); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies with equal force to 42 U.S.C. § 1983 actions against state officers and to Bivens actions against federal officers). Thus, a Bivens action which would demonstrate the invalidity of a conviction or sentence, if brought before invalidation of that conviction or sentence in federal or state court, must be dismissed as premature. Abella, 63 F.3d at 1065 (citing Heck, 512 U.S. at 487, 114 S.Ct. at 2372). The district court need not stay the action pending the exhaustion of the prisoner's habeas remedies. Id. at 1064-65. But when "the [prisoner's] action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against [him], the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73 (footnotes omitted).

Rolle argues that the district court erred in dismissing his complaint as Heck-barred because he had two habeas petitions pending. According to Rolle, "the proper course of action" was to "stay" the proceedings until his habeas petitions had been decided. We disagree.

6

In the prayer for relief in his first amended complaint, Rolle sought an injunction invalidating all criminal proceedings in which the challenged evidence was used against him. But there is no evidence that a state or federal court has invalidated the convictions and/or sentences Rolle received pursuant to the criminal proceedings in which the challenged evidenced was used. Thus, Rolle's first amended complaint was essentially a collateral attack on convictions and sentences that have not been invalidated by a state or federal court. As such, Rolle's first amended complaint was Heck-barred, the district court did not err in dismissing it, and the court was not required to stay the proceedings. See Abella, 63 F.3d at 1065.

## B. Denial of Rolle's Motion for Leave to Amend His Complaint

Rolle also argues that the district court erred in denying him leave to file a second amended complaint before dismissing the case. We review a district court's refusal to grant leave to amend for abuse of discretion. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

Before dismissing the complaint under § 1915(e)(2)(B), a district court must grant a prisoner's motion for leave to amend his complaint after the magistrate court has filed its recommendation when such leave is required by Federal Rule of Civil Procedure 15. Id. at 1348. In pertinent part, Rule 15 provides that

7

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*

Fed. R. Civ. P. 15(a) (emphasis added). This liberal policy of allowing amendments "circumscribes the exercise of the district court's discretion; thus, unless a *substantial reason* exists to deny leave to amend, the discretion of the district court is *not* broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (emphasis added).

Here, the district court denied Rolle's request to file a second amended complaint on the ground that "the new complaint, like the prior version, demands relief including the invalidation of state proceedings at which the evidence at issue was used[,]" such that the new complaint, like Rolle's first amended complaint, is barred under Heck. We disagree.

8

As we concluded above, the district court properly held that Rolle's first amended complaint was Heck-barred because in his prayer for relief, Rolle sought an injunction invalidating all criminal proceedings in which the evidence seized during the contested search was used against him. But contrary to the district court's conclusion, Rolle's second amended complaint did *not* expressly demand an invalidation of all criminal proceedings in which the challenged evidence was used. Rather, Rolle requested damages and a declaratory judgment that the search and seizure of his home was unlawful. And "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful [Bivens] action for Fourth Amendment search and seizure violations does *not necessarily* imply the invalidity of a conviction[,]" such that "Heck does not *generally* bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal citations and footnote omitted) (emphasis added). Because Rolle's complaint does not delineate the precise grounds upon which his probation was revoked or the precise nature of the charges for which he was convicted and sentenced as a result of the items seized from his home, at this stage of the litigation (that is, before the defendants have been served), we cannot say that Rolle's success on his second amended complaint would *necessarily imply* the invalidity of the criminal judgment revoking his probation and/or his conviction and sentences on the charges he claims resulted

9

from the challenged evidence. As such, the district court erred in concluding that Rolle's second amended complaint was <u>Heck</u>-barred. On the record before us, we find no other apparent reason to deny Rolle leave to amend his complaint as to Marshals West and Womble. We therefore conclude that the district court's denial of leave to amend the complaint as to those defendants was an abuse of discretion. See <u>Shipner</u>, 868 F.2d at 407.

The district court did not abuse its discretion, however, in denying Rolle leave to amend his complaint as to the U.S. Marshals Service because federal agencies cannot be sued under <u>Bivens</u>. See <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994); <u>United States v. 1461 West 42nd Street, Hialeah, Fla.</u>, 251 F.3d 1329, 1339-40 (11th Cir. 2001) (<u>Bivens</u> actions are "only cognizable when brought against federal officials individually."). Thus, allowing Rolle to amend his complaint as to the U.S. Marshals Service would have been futile.[3] See <u>Foman</u>, 371 U.S. at 182, 83 S.Ct. at 230.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the dismissal of Rolle's first amended complaint as to all of the defendants. We likewise **AFFIRM** the denial

---

[3] A judgment of the district court can be affirmed on any grounds, regardless of whether those grounds were relied upon by the district court. <u>Magluta v. Samples</u>, 162 F.3d 662, 664 (11th Cir. 1998).

of his motion to amend that complaint as to the U.S. Marshals Service.  We

**VACATE** the denial of Rolle's motion to amend the complaint as to Marshals

West and Womble and **REMAND** to the district court for further proceedings.