United States Court of Appeals,

Eleventh Circuit.

No. 97-8417.

Salvador MAGLUTA, Petitioner-Appellant,

v.

F.P. Sam SAMPLES, Michael W. Garrett, et al., Respondents-Appellees.

Dec. 10, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CV-2700-ODE), Orinda D. Evans, Judge.

Before BIRCH and BARKETT, Circuit Judges, and HANCOCK[*], Senior District Judge.

PER CURIAM:

Magluta appeals the district court's dismissal of his Bivens action under the fugitive disentitlement doctrine. Because we find no nexus between Magluta's fugitive status and his civil action, we conclude that the district court abused its discretion in dismissing Magluta's complaint on that basis.

I. Factual and Procedural History

In April 1991, a grand jury in the Southern District of Florida indicted Salvador Magluta on twenty-four drug trafficking and conspiracy charges. Magluta was arrested in October 1991. In 1994, while being held in the U.S. Penitentiary at Atlanta pending trial on those charges, Magluta filed a *Bivens* action in the U.S. District Court in the Northern District of Georgia against various prison officials challenging the conditions of his confinement. The suit was stayed pending the outcome of Magluta's criminal trial in Florida.

---

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

In early 1996, Magluta advised the district court in Georgia that he had been acquitted of all the drug trafficking and conspiracy charges, and the stay in the *Bivens* action was lifted. Around that time, Magluta was indicted in the Southern District of Florida for passport fraud and was released on bail in February of 1996. Near the end of his February, 1997 trial on this charge, Magluta failed to appear in court. A warrant for Magluta's arrest was issued on February 6, 1997. The criminal trial continued in his absence, and Magluta was convicted on February 7, 1997.

On February 27, 1997, the prison officials (defendants in the *Bivens* action) supplemented a previously filed but unruled on motion to dismiss to include the fugitive disentitlement doctrine as grounds for dismissal. Magluta, a fugitive, did not file an opposition to the supplemented motion, although a copy of the supplement to the motion was served upon his counsel of record who had earlier opposed the unruled on motion to dismiss based on other grounds. The district court granted the motion and dismissed Magluta's complaint on March 25, 1997, limiting its ruling to the fugitive disentitlement doctrine.

Magluta was recaptured on April 13, 1997. On April 23, 1997, Magluta simultaneously filed a notice of appeal from the district court's March 25, 1997 order and judgment and a Rule 60 motion in the district court for relief from judgment. The district court dismissed Magluta's motion for relief from judgment on jurisdictional grounds. Magluta appeals the district court's dismissal of his action.[1]

## II. Standard of Review

The district court's power to dismiss a cause "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Jones v. Graham,* 709 F.2d 1457, 1458 (11th

---

[1] Magluta conceded in oral argument that his notice of appeal does not encompass the district court's ruling on his Rule 60 motion, and he withdrew his reliance upon that ruling in support of his appeal.

Cir.1983). The standard of review on appeal from the dismissal of a lawsuit on fugitive disentitlement grounds is abuse of discretion. *See id.; see also Prevot v. Prevot,* 59 F.3d 556, 562 (6th Cir.1995) (discussing equitable power of court to disentitle fugitives). Therefore, the issue before the Court is whether the dismissal of a civil action because of the plaintiff's status as a fugitive in an unrelated criminal matter constitutes an abuse of discretion.

### III. Discussion

The fugitive disentitlement doctrine limits access to courts by a fugitive who has fled a criminal conviction in a court in the United States. Although traditionally applied by the courts of appeal to dismiss the appeals of fugitives, the district courts may sanction or enter judgment against parties on the basis of their fugitive status. *See generally Prevot v. Prevot,* 59 F.3d 556, 564-65 (6th Cir.1995) (citing cases involving the dismissal of civil actions on fugitive disentitlement grounds). The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party. *See Degen v. United States,* 517 U.S. 820, 824-25, 828, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996); *United States v. Barnette,* 129 F.3d 1179, 1183 (11th Cir.1997). In accordance with these rationales, the dismissal of a civil action on fugitive disentitlement grounds requires that (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine. *See Degen,* 517 U.S. at 829, 116 S.Ct. 1777; *Ortega-Rodriguez v. United States,* 507 U.S. 234, 242-49, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993).

There is no dispute that Magluta was a fugitive at the time the district court dismissed the action. However, the Court finds no nexus between Magluta's fugitive status and his *Bivens* action.

Magluta's lawsuit challenged the conditions of his previous confinement in Georgia. He became a fugitive after that confinement ended, during an unrelated criminal trial in Florida. The record does not indicate that Magluta failed to comply with any order issued by the district court. Because there was no connection between Magluta's fugitive status and his civil lawsuit, the district court abused its discretion when it dismissed Magluta's complaint.[2]

We note that we may not reverse a judgment of the district court if it can be affirmed on any ground, regardless of whether those grounds were used by the district court. *See, e.g., Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937); *Rowe v. Schreiber,* 139 F.3d 1381, 1382 n. 2 (11th Cir.1998). Local Rule 7.1(b) of the Northern District of Georgia (formerly Rule 220-1(b)) provides that the failure to file a response to a motion within ten days after service of the motion "shall indicate that there is no opposition to the motion." Because Magluta, though represented by counsel upon whom a copy of the supplement to the motion to dismiss was served, failed to respond to the February 27, 1997 supplement to the motion to dismiss, the district court could have dismissed the action under this rule. The Court recognizes, however, that the granting of a motion on these grounds is not automatic and rather lies within the discretion of the district judge. Since the exercise of that discretion focuses on a local rule of the district court, we will remand the case so that the district court may determine whether dismissal would be appropriate under its local rules of civil procedure.

## IV. Conclusion

A district court may not dismiss a civil complaint under the fugitive disentitlement doctrine

---

[2]Due to this finding, the Court need not reach the issue of whether dismissal was necessary to effectuate the concerns underlying the fugitive disentitlement doctrine. However, the Court recognizes that dismissal is often an "excessive response" to the concerns underlying the fugitive disentitlement doctrine. *See Degen,* 517 U.S. at 829, 116 S.Ct. 1777.

unless there exists a nexus between the plaintiff's fugitive status and his civil lawsuit and dismissal is necessary to effectuate the concerns underlying the doctrine. The district court abused its discretion in dismissing Magluta's complaint, because there was no connection between Magluta's fugitive status and his *Bivens* action. Therefore, we REVERSE the district court's order of dismissal and REMAND the case for further proceedings consistent with this opinion. On remand, the district court may, in its discretion, dismiss the complaint if appropriate under the local rules of civil procedure.

SO ORDERED.