Roger ATKINSON, Plaintiff,

v.

Stanley TAYLOR et al., Defendants.

No. CIV.A.99–562–JJF.

United States District Court,
D. Delaware.

Aug. 7, 2003.

Richard H. Morse, Esquire of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Plaintiff.

Michael F. Foster, Esquire of the Department of Justice for the State of Delaware, Wilmington, DE, for Defendant, Commissioner, Stanley Taylor.

Marc P. Niedzielski, Esquire of the Department of Justice for the State of Delaware, Wilmington, DE, for Defendant, Warden, Raphael Williams.

Stuart B. Drowos, Esquire of the Department of Justice for the State of Delaware, Wilmington, DE, for Defendants Major Perry Phelps and the State of Delaware Department of Corrections.

Laura L. Gerard, Esquire of the Department of Justice for the State of Delaware, Wilmington, DE, for Defendant, Sergeant Parker.

Gregory E. Smith, Esquire of the Department of Justice for the State of Delaware, Wilmington, DE, for Defendants Fred Way and Andre Green.

## MEMORANDUM OPINION

FARNAN, District Judge.

Currently pending before the Court is Defendants' Motion to Dismiss Pursuant to the Fugitive Disentitlement Doctrine (D.I. 122). For the reasons discussed, the motion will be denied.

### I. Nature and Stage of Proceedings

Plaintiff, Roger Atkinson filed this civil action when he was an inmate incarcerated within the State of Delaware by the Department of Corrections ("DOC"). Plaintiff completed his Level V custodial incarceration but continues to be in the custody of the DOC as a probationer. During his term of incarceration, Plaintiff alleges that Defendants exposed him to unreasonably high levels of environmental smoke and that Defendants Way and Green used excessive force against him. Trial was scheduled to commence in June 2001. Shortly before the start of the trial, the Court denied Defendants' motions to dismiss and motions for summary judgment. Defendants then filed an appeal which was denied by the Third Circuit on January 21, 2003. On March 27, 2003, the Third Circuit denied Defendants' request for an *en*

*banc* hearing. Trial is now scheduled to commence on September 22, 2003. On June 22, 2003, the Defendants filed the instant Motion to Dismiss citing the Fugitive Disentitlement Doctrine (D.I. 122). The Court heard argument on the motion by a teleconference on August 5, 2003.

## II. The Parties' Contentions

Defendants contend that this action should be dismissed pursuant to the Fugitive Disentitlement Doctrine. Defendants contend that the three requirements for application of the doctrine are met in this case. Specifically, Defendants contend that 1) the Plaintiff is a fugitive; 2) his fugitive status has a connection to this civil action; and 3) the sanction of dismissal is necessary to effectuate the policy underlying the Fugitive Disentitlement Doctrine.

In support of their contention that Mr. Atkinson is a fugitive, Defendants submit: 1) a *capias* for the arrest of Mr. Atkinson from the New Castle County Superior Court for a violation of probation in the State of Delaware (D.I. 131); 2) an affidavit of Kimberly C. Taylor, Mr. Atkinson's Probation Officer, which states that Mr. Atkinson has contacted her and she informed him that he is wanted in Delaware for violation of his probation. Ms. Taylor further avers that Mr. Atkinson has not returned to Delaware and has failed to provide her with his current location (D.I. 142); 3) an active arrest warrant for Mr. Atkinson from the State of Illinois (D.I. 140); and 4) an Order for the arrest of Mr. Atkinson from the State of North Carolina. (D.I. 140).

With regard to the second prong of the doctrine, Defendants contend that Mr. Atkinson's fugitive status is the result of a violation of probation involving the same sentence that is at issue in this action in which Mr. Atkinson alleges unreasonable conditions of confinement.

Finally, Defendants contend that they are prejudiced by Plaintiff's absence because of the time and cost of trial preparation. Specifically, Defendants contend that in addition to the time taken away from their official duties to prepare for a jury trial in federal court, a significant witness, Dr. Keith Ivens, has relocated to Mississippi, and as a result, the Defendants must expend financial resources to transport him back to Delaware to testify. Defendants argue that there is no guarantee that Mr. Atkinson will appear for trial given that if he does appear he is aware that he will be arrested for a probation violation, and therefore, their preparation for trial may be meaningless.

In response, Plaintiff contends that there is no evidence in the record demonstrating that Mr. Atkinson is a fugitive and no evidence that Mr. Atkinson has any reason to know that the State of Delaware is looking for him, or has issued a *capias*.[1] Further, Plaintiff contends that his alleged fugitive status is not connected to the issues of his civil action. In his civil action Mr. Atkinson seeks to recover for being exposed to unreasonably high levels of environmental tobacco smoke during his incarceration, alleged verbal and physical abuse by two prison guards during his incarceration, and alleged retaliation during his incarceration for his having named one of the Defendants in his environmental tobacco smoke claim.

As to the third requirement, Plaintiff argues that the Defendants have made no showing that dismissal of this action is necessary to effectuate the purposes of the

---

1. At the teleconference on August 5, 2003, counsel for Mr. Atkinson indicated that he had not received a copy of the affidavit of Kimberly Taylor, Mr. Atkinson's Probation Officer, in which Ms. Taylor details her efforts to contact Mr. Atkinson and his status as a fugitive.

Fugitive Disentitlement Doctrine. Plaintiff argues that the United States Supreme Court has made clear that the concern underlying the Fugitive Disentitlement Doctrine relates to protecting the Government from prejudice that would be caused by a fugitive plaintiff's absence. Plaintiff's counsel argues that Defendants do not explain how they would be prejudiced in this case by Mr. Atkinson's absence, and therefore, the motion to dismiss should be denied.

## III. Discussion

The Fugitive Disentitlement Doctrine limits a fugitive's access to the judicial system when he or she has fled criminal conviction in a court of the United States. *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir.1998). Although the doctrine has historically been utilized by courts of appeal to dismiss appeals of fugitives, district courts may sanction or enter judgment against parties based on their fugitive status. *Id.* (citing *Prevot v. Prevot*, 59 F.3d 556, 564–65 (6th Cir.1995)).

The rationale for the doctrine includes difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the non fugitive party. *Id.* (citing *Degen v. United States*, 517 U.S. 820, 824–25, 828, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996); *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir.1997)). Dismissal of a civil action based on the Fugitive Disentitlement Doctrine requires that (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive Disentitlement doctrine. *See Degen*, 517 U.S. at 829, 116 S.Ct. 1777; *Ortega–Rodriguez v. United States*, 507 U.S. 234, 242–49, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *Magluta*, 162 F.3d at 664.

In the instant case, the Defendants contend that Mr. Atkinson is a fugitive based on the *capias* issued by the New Castle County Superior Court for a violation of probation and Ms. Taylor's affidavit which states that Mr. Atkinson is aware that he is wanted in the State of Delaware for a probation violation. Accepting these representations as true, the Court concludes that Mr. Atkinson is a fugitive because there is a *capias* for his arrest and he is aware of it.

On the factual record established, the Court finds that the second requirement for the application of the doctrine has not been met because there is not a sufficient nexus between Mr. Atkinson's fugitive status and his civil action. In his civil action Mr. Atkinson alleges that he was subjected to unreasonably high levels of environmental tobacco smoke and subjected to physical and verbal abuse by two prison guards while incarcerated. However, Mr. Atkinson's fugitive status is allegedly due to a failure to report and to inform the Probation Office in Delaware of his new address which the Court finds is unrelated to any of the facts underlying his civil suit. Although Mr. Atkinson was on probation for the same charge he was incarcerated for, the Court finds that this is not a sufficient nexus because the underlying facts of the instant litigation are unrelated to his alleged probation violation and failure to report.

The Defendants rely on *Ali v. Sims*, 788 F.2d 954 (3d Cir.1986) to support their position as to this prong of the analysis. In *Ali*, the plaintiff hijacked a plane in order to flee custody while being transported to court for his civil trial. The Court finds that the *Ali* case is easily distinguishable from the instant situation because in *Ali* there was a close connection

between the plaintiff's fugitive status and his civil action, since transportation of the plaintiff for his civil trial led to his fugitive status. In contrast, the Court finds that there is no such relationship between Mr. Atkinson's civil action and his fugitive status.

 Further, the Court concludes that dismissal is not necessary to effectuate the concerns underlying the Fugitive Disentitlement Doctrine. As to this prong, the Court finds that the Defendants have failed to show that they would be prejudiced in this case *by Mr. Atkinson's absence. See Degen*, 517 U.S. at 827, 116 S.Ct. 1777. The Defendants do contend that they will have to expend resources to defend the action and transport a key witness a long distance in order to testify. However, the Court finds that these events did not occur as a result of Mr. Atkinson's fugitive status or absence. Rather, the Court concludes that the Defendants would have to defend the action regardless of Mr. Atkinson's fugitive status and such preparation includes transporting key witnesses and expending time and resources.

The Defendants also rely on *Sarlund v. Anderson*, 205 F.3d 973 (7th Cir.2000), to support their position as to the third requirement. The Court finds that this case is also readily distinguishable from the instant situation. In *Sarlund*, Plaintiff's whereabouts were unknown and he could not be deposed or be made to pay costs or attorneys' fees if he lost and his suit was determined to be frivolous. By contrast, Mr. Atkinson has already been deposed and the case has survived a summary judgment motion, and therefore, cannot be considered frivolous. Further, the Court recognizes that Mr. Atkinson has been in regular contact with his attorney, Richard H. Morse, Esq. Accordingly, the Court will deny the motion to dismiss.

In sum, the Court concludes that the application of the Fugitive Disentitlement Doctrine would be particularly harsh in this case because Mr. Atkinson has been in regular contact with his attorney and Defendants have not demonstrated that there is a sufficient nexus between Mr. Atkinson's alleged fugitive status and his civil action or that dismissal is necessary to effectuate the concerns underlying the Fugitive Disentitlement Doctrine.

Additionally, at the August 5, 2003 teleconference on the instant motion, Deputy Attorney General, Michael Foster requested that discovery as to Commissioner Taylor be stayed. Because the Court has declined to dismiss the action pursuant to the Fugitive Disentitlement Doctrine, discovery will go forward as to Commissioner Taylor but is closed in all other respects.

An appropriate Order will be entered.

### *ORDER*

NOW THEREFORE, for the reasons stated set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED this 7th day of August 2003, that:

1) Defendants' Motion to Dismiss Pursuant to the Fugitive Disentitlement Doctrine (D.I. 122) is *DENIED*.

2) Mr. Foster's application to stay discovery with regard to Commissioner Taylor is *DENIED*. Discovery shall go forward as to Commissioner Taylor but is closed in all other respects.