[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2007
THOMAS K. KAHN
CLERK

No. 06-14395
Non-Argument Calendar

_____

D. C. Docket No. 05-01713-CV-PT-S

LAWRENCE DENNIS,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF JUSTICE,
U.S. PAROLE COMMISSION,
U.S. PAROLE OFFICER SUPERVISOR, 1/3/96-8/13/99,
BRIDGET OAKES-THOMPSON, US Parole Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 10, 2007)

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Lawrence Dennis, a federal prisoner proceeding pro se, appeals the district court's sua sponte dismissal, pursuant to the Prison Litigation Reform Act ("PLRA"), of his Bivens[1] action. For the reasons that follow, we affirm.

## I. Background

On August 11, 2005, Dennis filed a Bivens action against Parole Officer Bridget Oakes-Thompson and the "U.S. Parole Officer Supervisor," both in their official and individual capacities, and against the U.S. Department of Justice and the U.S. Parole Commission, alleging false trespass, false imprisonment, false arrest, invasion of privacy, and emotional distress. Specifically, Dennis alleged that his parole "street time" was unlawfully forfeited in 1997 and that he was unlawfully arrested and detained for parole violations after his parole had expired on January 3, 1999.[2] In relief, Dennis requested monetary damages in excess of three million dollars. After filing his initial complaint, Dennis filed several motions to amend, including a motion to add four additional defendants on the grounds that those defendants were unknown to him when he filed his complaint.

After conducting the frivolity screening required by the PLRA, 28 U.S.C. § 1915A, the magistrate judge determined that Dennis's complaint was frivolous

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Investigation, 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2] Dennis is currently incarcerated for an unrelated 2003 conviction.

and failed to state a claim upon which relief could be granted because his claims were barred by the forum state's (Alabama's) two-year limitations period. The district court dismissed the complaint under the PLRA on the grounds that Dennis had failed to state a claim upon which relief could be granted because his claims were barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[3] The court also denied Dennis's motions to amend. Dennis filed a motion for reconsideration, which the court also denied. Dennis filed this appeal.[4]

## II. Discussion

We review de novo the sua sponte dismissal of a complaint under § 1915A. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Under § 1915A, the magistrate or district court is required to screen civil complaints filed by prisoners against governmental officers or entities, and shall dismiss the complaint if it is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). A complaint fails

---

[3] Under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in his favor would implicitly question the validity of conviction or duration of sentence, "unless the plaintiff first achieves a favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (citing Heck, 512 at 487, 114 S.Ct. at 2372). This court has held that Heck applies with equal force in a Bivens action filed by a federal prisoner. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

[4] On appeal, Dennis does not challenge the district court's denial of his motions to amend or his motion for reconsideration, and he has therefore abandoned those issues on appeal. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

3

to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Flint v. ABB, Inc., 337 F.3d 1326, 1328-29 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law. Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

Here, the district court held that Dennis's complaint was Heck-barred because the claims implicated federal criminal proceedings which have not been invalidated by a federal court. On appeal, Dennis argues that his claims were not barred by Heck because success in his Bivens action would not imply the invalidity of his underlying conviction or sentence. We do not address this issue, however, because regardless of whether some or all of Dennis's claims are Heck-barred, the claims are nonetheless barred by the applicable statute of limitations.[5]

In states with more than one statute of limitations, the forum state's general

---

[5] A judgment of the district court can be affirmed on any ground, regardless of whether those grounds were used by the district court. Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998); Turner v. Am. Fed'n of Teachers Local 1565, 138 F.3d 878, 880 n.1 (11th Cir. 1998) ("We must affirm the judgment of the district court if the result is correct even if the district court relied upon a wrong ground or gave a wrong reason.").

or residual personal injury statute of limitations applies to all 42 U.S.C. § 1983 actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249-50, 109 S.Ct. 573, 574, 580-82, 102 L.Ed.2d 594 (1989). A Bivens action is subject to the same statute of limitations that would apply to a complaint brought pursuant to § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). In Alabama, the residual personal injury limitation period is two years. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1219 (11th Cir. 2001). The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know *or should know* (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted) (emphasis added).

Here, although the detentions of which Dennis complains occurred in 1997 and 1999, Dennis did not file his complaint until 2005. In his Brief, Dennis asserts that he did not know his parole had expired in 1999 and that his 1999 arrest and detention for parole violations were unlawful until November 2003, following his 2003 conviction for an unrelated offense. In our view, however, Dennis could

have determined the expiration date of his parole through reasonable diligence, and thus, he *should have known* when his parole had expired well before his 2003 conviction. Moreover, nothing in the record indicates that Dennis either did not, or reasonably could not, know of any alleged illegality regarding his 1997 detention. As such, Dennis's claims are time-barred, and he has therefore failed to state a claim upon which relief can be granted.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court.