

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2008

# Lazaridis v. Wehmer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lazaridis v. Wehmer" (2008). *2008 Decisions.* Paper 645.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/645

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3572
_____

EMMANUEL N. LAZARIDIS,
individually and in his capacity as legal custodian of V.L., a minor,

Appellant

vs.

LAVINA TINA WEHMER; MATTHEW NEIDERMAN;
CATHERINE SUTER; AFRODITI MINA MAUROEIDI;
OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF DELAWARE;
ATTORNEY GENERAL JOSEPH BIDEN, III
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cv-00793)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008

Before:  AMBRO, FUENTES and FISHER, Circuit Judges.

(Filed: August 15, 2008 )

_____

OPINION
_____

PER CURIAM

Pro se appellant Emmanuel Lazaridis appeals from the District Court's August 8, 2007 dismissal of his complaint without prejudice under 28 U.S.C. § 1915(e). For the reasons discussed below, we will vacate the District Court's order and remand for further action. We will also deny as moot Lazaridis's motion to extend comity to a June 18, 2008 Greek order.

I.

Lazaridis currently resides in Greece with his daughter, V.L. Although the history underlying this case is protracted, the basis of the dispute is the custody of Lazaridis's and his ex-wife's (defendant Lavina Wehmer) daughter, V.L. Lazaridis and Wehmer were married in 1995 in Indiana, and V.L. was born in July 2000. In February 2002, the family moved to Wilmington, Delaware. And in May 2002, they moved to Lyon, France. However, in September 2002, Wehmer moved V.L. to Michigan (where Wehmer's family lives). Lazaridis then initiated divorce proceedings in Michigan and France.[1] In November 2002, the Ottawa County Court in Michigan granted temporary custody to Lazaridis, and it is unclear what happened immediately thereafter. However, at some point, Lazaridis took V.L. to Greece, where they still reside.

---

[1] Lazaridis also apparently filed for divorce in the Dominican Republic. On May 16, 2005, a Greek court recognized the Dominican divorce order.

2

In September 2003, the Ottawa County Court determined that it did not have jurisdiction over the custody proceedings, and the custody dispute was litigated in France. In June 2004, a French court granted Wehmer and Lazaridis joint custody of V.L., but ordered that the child's primary residence would be with Wehmer. The French custody order was registered in Michigan, and in October 2004, the Ottawa County Court issued an arrest warrant for Lazaridis for felony kidnapping. Wehmer also registered the French 2004 order in the Delaware Family Court. The Delaware Supreme Court affirmed the registration of the order.

Lazaridis thereafter filed a motion to vacate the registration of the 2004 French order in light of a January 31, 2007 Greek court order granting temporary custody of V.L. to Lazaridis. On November 29, 2007, the Delaware Family Court denied Lazaridis's request, noting that he had not sought to register the 2007 Greek order, and stated that the request was barred by res judicata, and that "neither party is prejudiced by the registration . . . [of the 2004 French order]. Both parties are free, at any time, to attempt to register the most recent order that has been issued by a Court maintaining proper jurisdiction over this matter." T.W. v. E.L., No. CN04-08707, 2007 WL 4793123, at *2 (Del. Fam. Ct. Nov. 29, 2007).

This background leads us to the current case. In December 2006 (before the Greek court's order), Lazaridis filed a complaint in the District of Delaware against Wehmer, her attorneys, the State of Delaware, and the Delaware Attorney General. Lazaridis

3

sought a declaration that certain provisions of Delaware's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and Uniform Interstate Family and Support Act ("IFSA") were unconstitutional. He also sought injunctive relief precluding the defendants from enforcing the French orders[2] in the Delaware Court.

On August 8, 2007, before the defendants were served, the District Court dismissed Lazaridis's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)[3] based on its determination that Lazaridis was barred from filing suit under the so-called fugitive disentitlement doctrine. See Degen v. United States, 517 U.S. 820 (1996); Ortega-Rodriguez v. United States, 507 U.S. 234 (1993). The District Court held that Degen allowed it to dismiss the action because Lazaridis's apparent fugitive status was "inextricably connected to the action at bar because [Lazaridis] urges this court to void the French Court orders which awarded custody to his former wife and were the impetus of the felony arrest warrant. Any action regarding the French Court custody orders has the potential to affect the felony arrest warrant."

Lazaridis timely appealed from the District Court's decision. While his appeal was pending, Lazaridis filed in the District Court a motion to stay its August 8, 2007 order

---

[2]The French court also issued an order in 2005 granting sole custody to Wehmer. On July 30, 2007, the Delaware Family Court vacated the registration of that order, citing to the January 2007 Greek order.

[3]We note that the District Court did not specify whether it was dismissing the complaint because it was frivolous, malicious, or because it failed to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

4

dismissing the case without prejudice. In that motion, he stated, among other things, that he had answered the Ottawa County arrest warrant and has been appointed counsel to defend against the kidnapping charge. The District Court granted the motion, but later rescinded its order due to a clerical error. Lazaridis also filed in this Court a motion to extend comity to a recent Greek court order which apparently exonerated him of kidnapping or custodial interference.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal under 28 U.S.C. § 1915(e) is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with Lazaridis that the District Court erred in relying on the fugitive disentitlement doctrine to dismiss his complaint. Federal courts have the "authority to dismiss an appeal . . . if the party seeking relief is a fugitive while the matter is pending." Degen, 517 U.S. at 824. For a dismissal under the doctrine to be appropriate, however, "[t]he fugitive status must have a connection to the civil action, and the dismissal must animate the concerns underlying the fugitive disentitlement doctrine." Barnett v. YMCA, Inc., 268 F.3d 614, 618 (8th Cir. 2001) (applying Degen to a case where the fugitive was a plaintiff in a civil suit). Degen also "shifted the emphasis from considerations of dignity, deterrence, respect, propriety, and symmetry . . . to the kind of practical considerations that inform the decision whether to dismiss . . . as a sanction for mistakes,

5

omissions, or misconduct." Walsh v. Walsh, 221 F.3d 204, 215 (1st Cir. 2000) (citing Sarlund v. Anderson, 205 F.3d 973, 974 (7th Cir. 2000)).[4]

Here, the District Court acknowledged that applying the disentitlement doctrine required a nexus between Lazaridis's fugitive status and the civil action. See Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004). It concluded that a ruling that the 2004 French custody order was unenforceable may affect the Michigan arrest warrant because the warrant was predicated on the 2004 French order. This connection to the current lawsuit is, however, "too slim a reed" on which to support the weight of the disentitlement doctrine, especially in "a case involving parental rights." See Walsh, 221 F.3d at 215, 216. Additionally, although Lazaridis's alleged fugitive status may be an affront to the dignity of the Michigan courts, it is not an affront to this Court or to the District Court. See Marran, 376 F.3d at 149. Accordingly, it was inappropriate for the District Court to dismiss Lazaridis's complaint based on the fugitive disentitlement doctrine.

Furthermore, while we do not decide whether the District Court correctly designated Lazaridis as a fugitive, it appears that, if his representations are true, he is not a fugitive now because he has answered the Ottawa County arrest warrant and has been assigned a lawyer to defend against the kidnapping charge. Thus, based on the

---

[4]We note while the Supreme Court has not considered a case such as this where the purported fugitive is the plaintiff in a civil case, this Court, as well as the First, Eighth, and Eleventh Circuits, has used the Degen standard to analyze such cases. See Marran v. Marran, 376 F.3d 143 (3d Cir. 2004); Walsh, 221 F.3d at 215; Barnett, 268 F.3d at 618; Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (per curiam).

6

information that Lazaridis has presented, he has submitted to the Michigan court's jurisdiction for the purpose of defending against the kidnapping charge. If this is true, it is doubtful that he could be considered a fugitive even if Degen's nexus prong was satisfied. See In re Assets of Martin, 1 F.3d 1351, 1356-57 (3d Cir. 1993) (discussing whether designation of appellant as a fugitive was appropriate).

For the foregoing reasons, we will vacate the District Court's judgment entered on August 8, 2007, and remand for further proceedings. On remand, the District Court may wish to consider whether service of the complaint on the defendants is appropriate. Due to the disposition of this appeal, we deny as moot Lazaridis's July 1, 2008 motion to extend comity.