[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10012
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-03677-CAP

WOLLIE AMMEDIE,

Plaintiff-Appellant,

versus

SALLIE MAE, INC.,
d.b.a. CT Corporation System,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 31, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Wollie Ammedie appeals pro se the district court's order granting Sallie Mae's

Fed.R.Civ.P. 12(b)(6) motion to dismiss for Ammedie's failure to respond to the

motion.  Ammedie did not specify a cause of action in his complaint, which he filed in state court, but Sallie Mae removed the action to federal court, asserting federal question jurisdiction based on the complete preemption doctrine.  According to Sallie Mae's notice of removal, Ammedie's "statement of claim," which requested the return of his tax refund that Sallie Mae had intercepted for a student loan debt, was necessarily federal in character because the Higher Education Act ("HEA"), 20 U.S.C. §§ 1070, et seq., completely preempts all state-law claims in the area of student loan debt collection.  Ammedie did not move to remand or otherwise object to jurisdiction below, and, on appeal, he does not address whether the district court had subject matter jurisdiction over his case.  Rather, liberally construed, Ammedie argues that removal was improper because his "trial was supposed to be held" in the state court, which failed to follow proper protocol, including failing to notify him of removal.  After careful review, we vacate the judgment of the district court and remand to the district court to remand the case to the state court from which it came.

We are "obliged to notice any lack of jurisdiction regardless of whether the question is raised by the parties themselves." Edge v. Sumter County Sch. Dist., 775 F.2d 1509, 1513 (11th Cir. 1985).  We review subject matter jurisdiction de novo. Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011).

2

In removed cases, a plaintiff cannot waive arguments regarding subject matter jurisdiction by failing to move for remand.  See Wilson v. Gen. Motor Corp., 888 F.2d 779, 781 n.1 (11th Cir. 1989).  Procedural defects in removal, however, are waived if the plaintiff fails to move for remand within thirty days of the notice of removal.  See id.[1]  Where a district court entered judgment without objections to removal, we "analyze simply whether original jurisdiction existed over the case at the time the court entered the judgment," not at the time of removal.  Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1252 n.5 (11th Cir. 1998).  We may consider the complaint, the notice of removal, and, where the pleadings are inadequate on the issue of subject matter jurisdiction, the record to consider whether there is jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001) (considering sua sponte whether subject matter jurisdiction existed in a case in which plaintiff did not move for remand after removal and neither party raised the issue of jurisdiction on appeal).

---

[1] Thus, to the extent that Ammedie is raising procedural, non-jurisdictional defects regarding the removal of his case, like issues regarding notice, he has waived these by failing to move for remand below.  See Wilson, 888 F.2d at 781 n.1.  Moreover, because we conclude below that the district court lacked subject matter jurisdiction, we do not address whether the district court properly dismissed Ammedie's case for failure to respond except to note that, first, the notice of removal and notice of the motion to dismiss were sent to Ammedie's address as listed in his complaint.  Further, the district court does have the discretion under Magluta v. Samples, 162 F.3d 662 (11th Cir. 1998), to dismiss based on a failure to respond.  See id. at 664-65.  And, third, no theory of recovery or theory of wrongdoing by Sallie Mae is apparent from the face of the record.

In relevant part, "district courts [ ] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, a federal question must appear on the face of a plaintiff's well-pleaded complaint for a claim to arise under federal law. See Cmty. State Bank, 651 F.3d at 1251.

If a federal question does not appear on the face of the complaint, then the plaintiff's claim arises under federal law only if it "falls within the special category of federal question jurisdiction created by the doctrine of complete preemption." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1281 (11th Cir. 2005). This doctrine applies where Congress has "preempt[ed] an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Id. (quotation omitted).

Complete preemption is "a rare doctrine," Cmty. State Bank, 651 F.3d at 1261 n.16, and "[t]he Supreme Court has applied [it] to only three federal statutes: § 301 of the [Labor-Management Relations Act], the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, and §§ 85 and 86 of the National Bank Act." Atwater v. Nat'l Football League Players Ass'n, 626 F.3d 1170, 1176 n.7 (11th Cir. 2010). Moreover, "[t]he Supreme Court has cautioned that complete preemption can be

4

found only in statutes with 'extraordinary' preemptive force." Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003).

Complete preemption, a jurisdictional doctrine, is distinct from "defensive," or "ordinary," preemption, which "allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense." Cmty. State Bank, 651 F.3d at 1261 n.16. Defensive preemption does not create subject matter jurisdiction. See id. That is, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Complete preemption is narrower than defensive preemption, such that a state-law claim may be defensively preempted but not completely preempted for jurisdictional purposes. Cotton, 402 F.3d at 1281. However, "claims that are completely preempted are also defensively preempted," and "[t]hus, if it appears that a claim is not even defensively preempted, then it will not be completely preempted either." Id. Therefore, "defensive preemption cases may inform the complete preemption analysis." Id. at 1281-82.

5

In Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113 (11th Cir. 2004), we considered whether the Higher Education Act defensively preempted the plaintiff's state-law consumer protection claim resulting from wage garnishments for student loan debt. See id. at 1118 & n.4, 1124-31. We held that none of the three types of defensive preemption -- express, field, or conflict -- existed as to the plaintiff's claim. See id. at 1124-31. In examining field preemption, the question of whether the HEA "'occup[ies] the field' of debt collection practices," we noted that "consumer protection is a field traditionally regulated by the states." Id. at 1125-26. We also concluded that "the HEA does not occupy the field of student loan debt collection." Id. at 1130. Although not applicable to the plaintiff's claims in Cliff, we noted that § 1095a of the HEA, which governs wage garnishment, defensively preempts "only those provisions of state law that would otherwise prohibit or hinder the ability of a guaranty agency to garnish a debtor's wages." Id. at 1125.

Ammedie's complaint, which asked simply for the return of his $400.00 tax refund and removal of his name from the IRS collection list, did not state any tort theory of recovery, or any violation of any state or federal law. As a result, it did not raise a federal question on its face. Therefore, Ammedie's claim arose under federal law only if it "f[ell] within the special category of federal question jurisdiction created by the doctrine of complete preemption." Cotton, 402 F.3d at 1281. Although it is

6

not clear what claim Ammedie's complaint raised, we view it as an improper garnishment or improper levy claim existing in the field of consumer protection, an area traditionally regulated by the states. See Cliff, 363 F.3d at 1125; see also Brown v. Masonry Products, Inc., 874 F.2d 1476, 1479 (11th Cir. 1989) (affirming the district court's finding "that any remedy [plaintiff] was entitled to because of an allegedly improper garnishment was a matter of state law"). The HEA does not defensively preempt all state-law claims in the area of consumer protection. See Cliff, 363 F.3d at 1125-26. Moreover, even viewing the area at issue more narrowly -- as the area of student loan debt collection -- "the HEA does not occupy the field of student loan debt collection." Id. at 1130. It follows then that complete preemption does not exist either, see Cotton, 402 F.3d at 1281 (where "it appears that a claim is not even defensively preempted, then it will not be completely preempted"); that is, that Congress has not preempted this "area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Id. (quotation omitted).

Because complete preemption does not exist, the district court lacked subject matter jurisdiction based on federal question jurisdiction when it granted Sallie Mae's Rule 12(b)(6) motion for Ammedie's failure to respond and ordered the clerk to dismiss the action. Moreover, the court did not have subject matter jurisdiction

7

through 28 U.S.C. § 1346 (granting the district court original jurisdiction to hear civil actions against the United States in certain circumstances), because no precedent establishes that Sallie Mae is considered to be the United States for the purposes of that provision.  Finally, it is apparent from the face of the complaint that the amount in controversy is much less than $75,000, precluding diversity jurisdiction.  See Williams, 269 F.3d at 1319; 28 U.S.C. § 1332(a)(1).  Accordingly, we vacate the district court's judgment and remand with an order for the district court to remand the action to state court.

**VACATED AND REMANDED.**