[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12258

_____

D.C. Docket No. 1:19-cv-21550-RAR

JOHANNA VIBE ENER,

Plaintiff-Appellant,

versus

PEDRO MARTIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 22, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether the district court abused its discretion when it applied the fugitive disentitlement doctrine to dismiss Johanna Vibe Ener's lawsuit against Pedro Martin, the father of her two daughters. Vibe Ener left the United States against the orders of a Florida family court and could be

arrested by Florida officials if she were to return to Florida. She filed this lawsuit to attack the proceedings of the family court while remaining outside its jurisdiction. Because Vibe Ener remains a fugitive, her lawsuit collaterally attacks the very proceedings from which she absconded, and dismissal prevents her from using the judicial process only when it benefits her, we affirm.

## I. BACKGROUND

Pedro Martin, a Miami real estate developer, began an affair with Johanna Vibe Ener, a Finnish model, in 2009. They had two daughters together. But their relationship was volatile, so they entered a series of custody agreements and modifications. Most of the terms required approval from a family court in Miami that supervised their ongoing paternity action. Under the custody agreements, Vibe Ener had primary custody of the children, and Martin had visitation rights and financial support obligations.

Unfortunately, the custody agreements did not improve their relationship. In April 2017, the family court found that Vibe Ener had been stalking Martin and enjoined her from communicating with him without its approval. Two months later, Vibe Ener took the children to Europe. The family court found that she removed the children from school, left her primary residence, disconnected her cell phone, and blocked her email accounts.

2

Martin moved the family court for an order requiring Vibe Ener to comply with their custody agreements. The family court granted Martin's motion and held Vibe Ener in civil contempt. But Vibe Ener never returned.

A few months later, the family court ordered Vibe Ener to show cause why she should not be held in indirect criminal contempt for violating its orders. It also found that Vibe Ener had communicated with Martin about the ongoing family-court litigation and threatened him and his attorneys. So it issued a "Referral to Law Enforcement" finding that Vibe Ener had violated the anti-stalking injunction. The order quoted the provision in the injunction that allowed Florida officers to arrest her if she violated the injunction.

Two years later, Vibe Ener went on the offensive by suing Martin in federal court for breaching the custody agreements and for an array of torts allegedly arising out of the family-court litigation: defamation, invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and abuse of process. The *pro se* complaint sought $200 million in damages. Vibe Ener alleged that Martin breached the custody agreements by failing to create trust funds for the children and by disclosing to the press in 2017 that he paid her $30,000 a month and provided her with a luxury condo in Miami. And she alleged that Martin harassed her by filing "sham pleadings" filled with lies and destroyed Vibe Ener's reputation by using his connections with "the Cuban mafia" to unleash a

3

"relentless attack of terrorism." The complaint dragged in Martin's wife too by alleging that she was "mentally ill," "dangerous," threatened Vibe Ener and the children, assaulted the children, and tried to bribe her to have an illegal late-term abortion.

Martin's wife intervened and moved to strike portions of the complaint as scandalous. She also moved the district court to compel Vibe Ener to file a sworn declaration that she did not receive assistance from attorneys to draft her complaint or to require her attorneys to file appearances. Vibe Ener voluntarily filed a sworn declaration affirming that she was proceeding *pro se* and was not receiving assistance from attorneys. She explained that she learned how to prepare pleadings by studying the family-court litigation, and she "enjoy[s] reading case law."

Martin moved to dismiss the complaint under the fugitive disentitlement doctrine. The district court scheduled a status conference on the motion. Vibe Ener filed a declaration promising to appear by telephone, and she called chambers the day before the hearing to receive instructions on how to participate. But she did not appear the next day. The district court waited for 20 minutes before beginning the hearing and then proceeded in her absence. During the hearing, the district court observed that Vibe Ener was "undoubtedly receiving the assistance of counsel" to prepare her filings and that she appeared to be continuing the same pattern of

4

behavior from the family-court proceedings. A few days later, the district court dismissed the lawsuit with prejudice under the fugitive disentitlement doctrine.

Vibe Ener appealed. Martin moved to dismiss the appeal under the fugitive disentitlement doctrine. He also moved to strike the appendix Vibe Ener filed with her reply brief as an improper attempt to supplement the record, and he moved to strike part of the reply brief for raising an argument outside Vibe Ener's opening brief. Vibe Ener proceeded through the appeal ostensibly *pro se*, but she retained counsel—on our order—to participate in oral argument.

## II. STANDARD OF REVIEW

We review the dismissal of a lawsuit based on fugitive disentitlement for abuse of discretion. *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998).

## III. DISCUSSION

The fugitive disentitlement doctrine empowers courts to dismiss the lawsuits or appeals of fugitives from the law. *See Pesin v. Rodriguez*, 244 F.3d 1250, 1252 (11th Cir. 2001). An equitable doctrine, it reflects the principle that a fugitive "demonstrate[s] such disrespect for the legal process[] that he has no right to call upon the court to adjudicate his claim." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 246 (1993) (internal quotation marks omitted). The Supreme Court has long relied on the doctrine to dismiss criminal appeals when the defendant is a fugitive. *Id.* at 239 (citing *Smith v. United States*, 94 U.S. 97 (1876)). We have held

5

that the doctrine applies in both civil and criminal proceedings, *Fed. Deposit Ins. Corp. v. Pharaon*, 178 F.3d 1159, 1161 (11th Cir. 1999), and in district courts as well as on appeal, *see Magluta*, 162 F.3d at 664. A court may apply the fugitive disentitlement doctrine to dismiss a lawsuit or appeal if the party against whom it is invoked is a fugitive, her fugitive status has a sufficient connection to the present action, and dismissal is "necessary to effectuate the concerns underlying" the doctrine. *Id.* We consider each element in turn.

Vibe Ener is a fugitive. A party is a fugitive if she intentionally avoids arrest by fleeing, hiding within, or remaining absent from the jurisdiction. *See United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017); *United States v. Fonseca-Machado*, 53 F.3d 1242, 1243–44 (11th Cir. 1995). We have held that the proceeding the fugitive evades need not be part of a criminal prosecution. *Pesin*, 244 F.3d at 1253; *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997). Vibe Ener conceded in her opening brief that the "Referral to Law Enforcement authorized any Florida law enforcement officer to detain [her] if located in the jurisdiction." And she admits that she has known about the order at least since Martin filed it as an attachment to his motion to dismiss her federal lawsuit. So she deliberately remains absent from the jurisdiction and is a fugitive. *See Shalhoub*, 855 F.3d at 1263.

6

Vibe Ener argues that she is not a fugitive because Martin supported her decision to leave Florida and the custody agreements allow her to move to Europe. But those factual allegations do not change the realities that make her a fugitive: she knows police are entitled to arrest her if she returns to Florida, and she remains absent. Vibe Ener also argues that she "submitted herself to the authority and jurisdiction" of the family court by filing a motion for relief from its contempt finding. But even assuming she has sought to undo the contempt finding, she remains at large, so her actions do not reflect acceptance of the family court's authority.

Vibe Ener's lawsuit is also closely related to her fugitive status. She presses six claims in her complaint. Each one either springs from the family-court proceedings from which she fled or alleges that Martin violated the same custody agreements that the family court found *she* violated by disappearing without notice. And she has forfeited any argument to the contrary because she did not challenge the connection between the present lawsuit and her fugitive status before the district court or in her opening brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Finally, dismissal serves the doctrine's equitable purposes. It is unfair to "allow[] a fugitive to use court resources only if the outcome is an aid to him." *Magluta*, 162 F.3d at 664. Litigating from outside the jurisdiction can allow the

7

fugitive to avoid complying with an adverse judgment: "heads I win, tails you'll never find me." *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). The fugitive's flight turns the litigation into "a one-way street." *Sapoundjiev v. Ashcroft*, 376 F.3d 727, 729 (7th Cir. 2004). Disallowing that gamesmanship avoids prejudice to the nonfugitive party, *Barnette*, 129 F.3d at 1183, and "promotes the efficient, dignified operation of the courts," *Degen v. United States*, 517 U.S. 820, 824 (1996) (internal quotation marks omitted).

Vibe Ener ensured that she stood only to benefit from court orders by fleeing from the jurisdiction of the family court after the litigation went poorly for her and then collaterally attacking those proceedings by suing about the same issues in federal court. And, with Vibe Ener's whereabouts unknown, the district court faced the prospect of issuing unenforceable orders. Vibe Ener "cannot be deposed by the defendants or made to pay costs (should [she] lose) or attorneys' fees (should [she] lose and [her] suit be adjudged sanctionably frivolous)." *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000). Vibe Ener's filings also prejudice the Martins because they are filled with scandalous accusations against them and the Martins must pay their lawyers to defend against her lawsuit. Dismissal prevents Vibe Ener from evading the jurisdiction of one court while attempting to invoke the jurisdiction of another court to her one-way advantage. *See Broadway v. City of Montgomery*, 530 F.2d 657, 659 (5th Cir. 1976); *see also Prevot v. Prevot*, 59 F.3d

8

556, 558–59 (6th Cir. 1995). The district court did not abuse its discretion by applying the fugitive disentitlement doctrine to dismiss Vibe Ener's lawsuit.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Vibe Ener's lawsuit with prejudice and **DENY AS MOOT** the motion to dismiss the appeal, the motion to strike part of the reply brief, and the motion to strike the appendix to the reply brief.

9

JORDAN, Circuit Judge, concurring.

In a case like this one, where a litigant who is a fugitive files a separate civil action, dismissal of that action without prejudice is a remedial option available to a district court. The Supreme Court has told us that the fugitive disentitlement doctrine "is limited by the necessity giving rise to its exercise," *Degen v. United States*, 517 U.S. 820, 829 (1996) (holding that the doctrine cannot be used to enter summary judgment in favor of the government in a civil forfeiture case), and the problems Ms. Vibe Ener has created through her flight could be remedied by her return to Florida and her compliance with the family court's orders. If and when she is no longer a fugitive, she could be allowed to refile her lawsuit, assuming that the statute of limitations has not expired. *See, e.g., Schuster v. United States*, 765 F.2d 1047, 1050-51 (11th Cir. 1985) (affirming district court's dismissal, without prejudice, of a civil tax petition for review because the litigant was a fugitive in a related criminal case).

Ms. Vibe Ener, however, does not argue that the dismissal pursuant to the fugitive disentitlement doctrine should have been without prejudice. I therefore join the court's opinion in full.

10